**Ora Steed GREEN, Individually and as Next Friend for Monique Steed Green, Appellant,**

v.

**The CITY OF DALLAS, Appellee.**

**No. 08–83–00144–CV.**

Court of Appeals of Texas, El Paso.

Jan. 25, 1984.

William M. Hayner, Dallas, for appellant.

Rowland Foster, Don Warren, Strasburger & Price, Dallas, for appellee.

Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

The question presented is whether as a matter of law there is no waiver of governmental immunity under the Texas Tort Claims Act. The Defendant's motion for summary judgment was upheld by the trial court. We reverse and remand.

Appellant brought suit under the Texas Tort Claims Act, Tex.Rev.Civ.Stat.Ann. art. 6252–19, sec. 3 (Vernon 1970 and Supp. 1982), for negligent care in treatment of her husband by two emergency medical technicians of the Dallas Fire Department's emergency ambulance service. On January 5, 1981, the technicians responded to an emergency call at Appellant's home. Her husband was experiencing chest pains.

They checked his pulse, heartbeat, breathing, blood pressure, skin and pupil reaction. In addition, they questioned him as to his activities and medical history. He had been playing a physically demanding game of basketball that morning. He had no history of heart trouble and was not taking medication. The paramedics diagnosed his condition as physical overexertion. Despite requests by the family, they declined to transport him to the hospital and left. Five minutes later they were summoned back to the residence. The patient had suffered a heart attack. The paramedics then administered cardio-pulmonary resuscitation, engaged the cardiac monitor, administered ventricular fibrillation and various medications. Appellant's husband died en route to the hospital as a result of the heart attack.

The emergency ambulance operated by the City of Dallas is a governmental function within the general doctrine of governmental immunity. *Brantley v. City of Dallas,* 545 S.W.2d 284 (Tex.Civ.App.—Amarillo 1976, writ ref'd n.r.e.). As indicated, the trial court in the case before us granted the Defendant City of Dallas summary judgment on the basis that there had been no waiver of governmental immunity. Involved is Section 3 of the Texas Tort Claims Act which provides in part:

Each unit of government in the state shall be liable for money damages for property damage or personal injuries or death when proximately caused by the negligence or wrongful act or omission of any officer or employee acting within the scope of his employment or office arising from the operation of a motor-driven vehicle and motor-driven equipment ... or death or personal injuries so caused from some condition or some use of tangible property, real or personal, under circumstances where such unit of government, if a private person, would be liable to the claimant in accordance with the law of this state.

The section is held to provide for a waiver of governmental immunity in three general areas: use of publicly owned automobiles,

premise defects, and injuries arising out of conditions or use of property. *Salcedo v. El Paso Hospital District,* 659 S.W.2d 30 (Tex.1983); *Lowe v. Texas Tech University,* 540 S.W.2d 297 (Tex.1976). Our concern is with the use of property. In that connection, we do not pass on the issue of whether the negligent "use" of tangible property contemplated by the Tort Claims Act includes negligent "non-use" because we do not view this as a "non-use" case.

■ The summary judgment evidence in this case shows that there was a use of property. On the first trip, the patient was examined by the use of a flashlight, stethoscope and sphygmomanometer to evaluate pupil reaction, heart and lung activity, blood pressure and pulse. And in the second treatment of the patient, use was made of a thumper machine, a cardiac monitor, defibrillator equipment and several drugs. Plaintiff's cause of action was based on an improper use "in failing to properly use the cardiac monitor on board the ambulance at the time and on the occasion in question." This same allegation of "failing to properly use" was made in separate paragraphs as to defibrillators, cardiac drugs and breathing apparatus. In response to request for admissions, the City admits the use of these items of property and Plaintiff's-Appellant's pleadings are that there was a failure to *properly* use them. Section 3 has been interpreted by the courts with no little difficulty. In our opinion two recent cases have application to this case, and under the interpretation of Section 3 given by either of them, this case provides a cause of action under the waiver of immunity provisions of the statute.

In *Lowe v. Texas Tech University,* supra, the Supreme Court had before it the question of failure to furnish a knee brace to a football player who was otherwise furnished a uniform. Noting that a football uniform is composed of various items of individual equipment, the court stated:

So we also hold that Lowe's allegations of a negligent failure to furnish him proper protective items of personal property, to be used *as a part of the uniform furnished* him bring his case within the statutory waiver of immunity arising from some condition or some use of personal property. (emphasis added)

We think the rationale of that case fits this case, that is, that where the governmental entity affirmatively uses an item of tangible personal property, then negligent failure to provide or use an integral component of the larger unit falls within the ambit of Section 3 of the act.

In the case of *Salcedo v. El Paso Hospital District,* the plaintiff's husband went to the emergency room of the hospital with chest pains. He was given an examination, including an electrocardiogram, and released. He died shortly thereafter of a myocardial infarction. The electrocardiogram graph showed a classic myocardial infarction, but the doctor misread it. In her suit against the hospital for her husband's death, the widow alleged the hospital's agents and employees misused the electrocardiographic equipment by improperly reading and interpreting the graphs and charts produced by the equipment. The trial court and this Court upheld the hospital's exceptions to the pleadings as failing to state a cause of action within the waiver of governmental immunity under the Texas Tort Claims Act. In reversing the lower courts, the Supreme Court held:

Mrs. Salcedo alleged her husband's death was proximately caused by the negligence of the defendants in the use (misuse) of tangible property belonging to the defendant. She alleged the negligent use was the improper "reading and interpreting" of the electrocardiogram graphs. "Use" has been defined in the context of this statute as "to put or bring into action or service; to employ for or apply to a given purpose." *Beggs v. Texas Department of Mental Health and Retardation,* 496 S.W.2d 252 (Tex.Civ. App.—San Antonio 1973, writ ref'd). Reading and interpreting are purposes for which an electrocardiogram graph is used or employed in diagnosing myocardial infarction. We hold, therefore, that Mrs. Salcedo has alleged her loss was proximately caused by the negligence of

the hospital district's employees in the use of tangible property. Her allegations state a cause of action within section 3 of the Texas Tort Claims Act.

In the present case, the Plaintiff has alleged the City's employees were negligent "in failing to properly use" the equipment. Seeing no difference between misuse and failure to properly use, we hold that those pleadings and the summary judgment evidence before the court precluded the granting of the City's motion for summary judgment.

In our view, the City's reliance on *Brantley v. City of Dallas, supra,* is misplaced. It is a "white horse case" on the facts, but the holding is based on the cause of action being limited to a refusal to render service. The court said that the negligence in the refusal to transport the plaintiff in an ambulance is not the equivalent of negligence arising from the use or operation of a motor vehicle, and the City's governmental immunity was not waived.

The summary judgment is reversed and the cause is remanded for trial.

OSBORN, Justice, dissenting.

I respectfully dissent. I cannot agree with the majority holding that they "do not view this as a 'non-use' case." It was pled as a "non-use" case. It was briefed as a "non-use" case. It was argued as a "non-use" case. It has now for the first time been viewed as not being a "non-use" case.

The first time the ambulance crew arrived at the home of James Louis Green, Jr., the attendants used a stethoscope to check lung functions and breathing sounds. They used a small flashlight to examine Mr. Green's eyes and check his reaction to light. They used a sphygmomanometer to check his blood pressure and they also checked his pulse. There is no allegation that "some condition" of this equipment or "some use" of this equipment led to a misdiagnosis of Mr. Green's actual condition and resulted in the crew not timely transporting him to a hospital. The holding in *Salcedo v. El Paso Hospital District,* 659 S.W.2d 30 (Tex.1983), where the

employee misread an electrocardiogram, has no application in this case. There is no allegation of any equipment failure or any misuse of the equipment which the ambulance attendants actually used.

The complaint in this case is that on the first visit the ambulance attendants (1) failed to use published protocols for prehospital emergency medical care; (2) failed to use the cardiac monitor; (3) failed to use the defibrillators; (4) failed to use cardiac drugs; (5) failed to use breathing apparatus; and (6) failed to use the ambulance to transport Mr. Green to a hospital. In answer to request for admissions, the City admitted that based on the original diagnosis, none of the equipment mentioned in the preceding sentence was used. Thus, the issue is not whether such equipment was improperly used or whether there was some misuse or malfunction of equipment—but in fact there was "no-use" of the equipment in question and that is the basis for this suit.

Appellant argues that we should "recognize an exception to governmental immunity even where there is a failure to use property." He urges there should be no distinction between use and non-use of tangible property. He concludes:

> It is illogical to allow recovery for one injured plaintiff because the defendant negligently used property and to wholly deny recovery to another injured plaintiff simply because the defendant negligently failed to use property.

We cannot disagree with such logic, but that is a policy matter which was decided by the legislature and we are obligated to apply that law as it was written and not as we conclude it should have been written.

In *Salcedo, supra,* the court set forth the requirement that "[t]he negligent conduct, however, must involve 'some condition or some use' of tangible property * * *." In this case, there is no allegation of negligence involving "some condition" or "some use" of tangible property. All of the allegations are about a "failure to use" certain specified property. To reverse the trial

court we are required to rewrite Section 3 of the Texas Tort Claims Act and add the necessary words to provide that each unit of government in this state shall be liable for money damages for death or personal injuries so caused from some condition or some use or *some failure to use* tangible property under conditions where there would be private liability. I conclude that the decision concerning the adding of those new words is for the legislature and not this Court. I would affirm the summary judgment.