865 F.2d 696
 The ESTATE OF Carrie Ann BANKS, Deceased, Elva Banks and
Mary Francis Banks, Individually and on behalf of
the Estate of Carrie Ann Banks,
Plaintiffs-Appellants,
v.
CHAMBERS MEMORIAL HOSPITAL AUXILIARY, INC., et al.,
Defendants-Appellees.
 No. 88-2058.
 United States Court of Appeals,
Fifth Circuit.
 Feb. 17, 1989.
 
 Donna M. Nutter, Sarnie A. Randle, Jr., Randle & Associates, Houston, Tex., for plaintiffs-appellants.
 Karen McNair, E.R. Norwood, Taylor & Norwood, Liberty, Tex., for Chambers Memorial Hosp. & Chambers Co.
 I. Nelson Heggen, Thomas Hornbuckle, Hornbuckle & Windham, Houston, Tex., for Clements & Heiman.
 Anthony F. Montgomery, Houston, Tex., for Hornbuckle, Windham & Montgomery.
 Appeal from the United States District Court for the Southern District of Texas.
 Before GEE, HIGGINBOTHAM, and DUHE, Circuit Judges.
 GEE, Circuit Judge:
 
 
 1
 Plaintiffs Elva and Mary Banks brought an action individually and on behalf of the estate of Carrie Ann Banks against Chambers County, Chambers Memorial Hospital and defendants Heiman and Clements. The complaint included a claim for negligence under the Texas Tort Claims Act. At the close of the plaintiffs' case the court directed a verdict for the defendants on the tort claims cause of action. The remaining issues were submitted to the jury, which found for defendants. The plaintiffs appeal from the district court's order directing a verdict on the tort claims issue. Because plaintiffs have failed to show that the injury to the deceased resulted from the condition or use of tangible personal property, we affirm the order of the district court.
 
 
 2
 Plaintiffs Elva and Mary Banks brought their one year old daughter, Carrie Ann Banks, to Chambers Memorial Hospital for emergency treatment. The child was allegedly choking and gagging as a result of having aspirated a bean into her trachea. At the hospital the plaintiffs were met by defendant Helen Heiman, a nurses aid. Ms. Heiman telephoned the nurse's station and spoke with the nurse on duty, defendant Jeanette Clements. Ms. Clements instructed Ms. Heiman to take the child's vital signs. Ms. Heiman took the child's temperature using a rectal thermometer. At this time, according to the plaintiffs, Ms. Heiman asked if the plaintiffs had insurance. When told no, Ms. Heiman allegedly told the plaintiffs that the hospital would not provide further treatment unless paid in cash. The plaintiffs then decided to take the child to a second hospital, one which would treat indigents without proof of insurance or enough cash. The child was, however, pronounced dead on arrival there.
 
 
 3
 Chambers Memorial Hospital is a county owned and funded unincorporated branch or arm of Chambers County, Texas, enjoying governmental immunity except for those acts for which it is expressly waived by the Texas Tort Claims Act. The district court directed a verdict for the defendants based on its conclusion that the government had not waived its sovereign immunity with respect to the conduct which, according to the plaintiffs' allegations, caused their injury.
 
 
 4
 Granting of a directed verdict in federal court is proper:
 
 
 5
 "[i]f the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary verdict...."
 
 
 6
 Boeing Co. v. Shipman, 411 F.2d 365, 373-75 (5th Cir.1969) (en banc). Therefore the issue before us is whether the district court correctly determined that reasonable men could not conclude that the state had waived its immunity with respect to the defendant's conduct.
 
 
 7
 The Texas Tort Claims Act provides, in relevant part:
 
 
 8
 "A governmental unit in the state is liable for: personal injury and [death so caused by a condition or use of tangible personal] or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.
 
 
 9
 V.T.C.A. Civ.Prac. & Rem.Code, Section 101.021(2).
 
 
 10
 The plaintiffs contend that the use of the rectal thermometer and the "nonuse" of other available diagnostic equipment brings their claim within this section of the waiver provision of the Tort Claims Act. The plaintiff's argument in support of this contention is threefold. First, the plaintiffs allege that the defendants misused the thermometer by using it to "determine whether or not their deceased child was choking on something or in respiratory distress." This argument is without merit. The defendants used the thermometer solely for the purpose of taking the child's temperature. There is no evidence to support the plaintiff's allegations that the defendants used the thermometer to determine whether the child was choking. The district court correctly concluded that no reasonable jury could find that the defendants had improperly used the thermometer.
 
 
 11
 The plaintiffs' second argument in support of their contention that their claim is within the waiver provisions of section 101.021(2) is that mere nonuse of available property is sufficient to trigger the waiver provisions of this subsection. In support of this argument the plaintiffs cite Jenkins v. State, 570 S.W.2d 175 (Tex.Civ.App.--Houston [14th Dist.] 1978, no writ.) In Jenkins the court held that a prisoner who alleged that the state had negligently failed to provide medical treatment had stated a cause of action under section 101.021(2). However, as we noted in Diaz v. Central Plains Regional Hospital, 802 F.2d 141 (5th Cir.1986), Jenkins is distinguishable from most nonuse cases in that in Jenkins a relationship already existed between the plaintiff and the state before the defendant's alleged negligence. We concluded, therefore, that absent such an existing relationship the exception to governmental immunity listed in section 101.021(2) does not include a waiver of immunity based on mere nonuse of tangible property. The district court therefore correctly concluded that a reasonable jury could not find that the government had waived its liability with respect to the defendant's nonuse of available equipment.
 
 
 12
 The plaintiffs' final argument is that even if the waiver provision of section 101.021(2) does not apply to cases alleging only nonuse, it does apply where that nonuse is coupled with the use of other tangible property. Plaintiffs cite Green v. City of Dallas, 665 S.W.2d 567 (Tex.App.--El Paso 1984, no writ) in support of this argument. In Green the plaintiffs brought a wrongful death action against the ambulance company that was owned and operated by the City of Dallas. The ambulance crew had responded to an emergency call at the plaintiff's residence and had used a flashlight, a stethoscope and a sphygmomanometer to "evaluate pupil reaction, heart and lung activity, blood pressure and pulse." Id. at 569. Despite the fact that the plaintiff was experiencing chest pains the crew did not use a cardiac monitor or other available equipment to evaluate the plaintiff's heart activity. The court in Green held that the plaintiff's complaint, alleging failure to use the proper available equipment, stated a cause of action under the Tort Claims Act.
 
 
 13
 Plaintiff contends that the holding in Green is controlling in this case. Green is, however, distinguishable. In Green the plaintiff's claim alleged that the defendants used improper tangible property to determine the plaintiff's heart activity. The property used, the stethoscope and sphygmomanometer could be used for that purpose. However, the cardiac monitor would have been better suited to that purpose. The plaintiff's cause of action was not therefore based simply on the plaintiff's failure to use some personal property while using other property. Rather, the plaintiff's claim was based on the use of the wrong property, i.e., property which was less suited to determining the plaintiff's heart activity than was other available property.
 
 
 14
 In the instant case the defendants used the thermometer to take the deceased child's temperature. The plaintiffs do not allege that the property the defendants failed to use would have been better suited to taking the child's temperature. Consequently the holding in Green is inapplicable in this case.
 
 
 15
 Plaintiffs' real complaint is that the hospital refused to treat the deceased. For better or for worse, however, Texas has chosen not to waive its sovereign immunity with respect to its agent's failures to act. See e.g., Salcedo v. El Paso Hospital District, 659 S.W.2d 30 (Tex.1983). Plaintiffs' artful pleading notwithstanding, it would be inappropriate to allow the plaintiffs to bootstrap a failure to act case into a misuse case merely because a nurse's aid properly used a thermometer to take the deceased child's temperature. The true complaint is of a failure to act, a matter as to which, beyond peradventure, Texas retains sovereign immunity.
 
 The judgment of the district court is
 
 16
 AFFIRMED.