Alicia SALCEDO et al., Petitioners,

v.

**EL PASO HOSPITAL DISTRICT,**
Respondent.

No. C–2000.

Supreme Court of Texas.

Oct. 26, 1983.

Kronzer, Abraham, Watkins, Nichols, Ballard & Friend, W. James Kronzer and Grant Kaiser, Houston, Richard T. Marshall, David Rosado, El Paso, for petitioners.

Peticolas, Luscombe & Stephens, John B. Luscombe, Jr. and Eliot G. Shapleigh, El Paso, for respondent.

CAMPBELL, Justice.

This is a suit for recovery under the Texas Tort Claims Act. Tex.Rev.Civ.Stat. Ann. art. 6252–19. Alicia Salcedo [1] sued Dr. Jose Diaz and the El Paso Hospital District to recover damages for the death of her husband, Everado Salcedo.[2] The issue before us is whether Mrs. Salcedo has stated a

---

1. Mrs. Salcedo sues individually, as temporary administratrix of the estate of her deceased husband, and as next friend of her minor children.

2. The trial court dismissed Mrs. Salcedo's cause of action against Dr. Diaz, the treating doctor, in response to the doctor's special exceptions. The doctor alleged in his exceptions the Salcedos had not complied with the notice provisions of the Medical Liability and Insurance Improvement Act. Tex.Rev.Civ.Stat.Ann. art. 4590i, § 4.01. The court of appeals severed the claim against Dr. Diaz, held it was error to sustain the doctor's special exceptions, reversed, and remanded the action against Dr. Diaz to the trial court. 647 S.W.2d 51. Dr. Diaz' application for writ of error in this Court was refused, no reversible error. 650 S.W.2d 67 (per curiam).

cause of action within the waiver provision of the Act. The trial court found Mrs. Salcedo's claims did not fall within any exception to the hospital's general immunity to suit. The court, therefore, granted the hospital district's special exceptions to the petition and dismissed the cause. The court of appeals affirmed the judgment of the trial court. 647 S.W.2d 51. We reverse the judgments of the courts below.

Mr. Salcedo was examined in the emergency room of R.E. Thompson General Hospital, a unit within the El Paso Hospital District. He was examined by Dr. Diaz, an employee of the District, for severe chest pains. Dr. Diaz ordered Mr. Salcedo be given an electrocardiogram test. Although the results of this test allegedly showed a classic pattern of myocardial infarction (heart attack), Dr. Diaz released Mr. Salcedo after the examination. Mr. Salcedo collapsed shortly after returning home and was pronounced dead upon his return to the emergency room. An autopsy revealed Mr. Salcedo's death was the result of myocardial infarction.

In reviewing the propriety of sustaining the hospital district's special exceptions, we accept Mrs. Salcedo's allegations as true. *State v. Clark,* 161 Tex. 10, 336 S.W.2d 612, 619 (1960). Mrs. Salcedo pleaded that the employees or agents of the hospital district misused, by failing to use, intravenous, oxygen, and cardiac monitoring equipment. She further alleged the hospital district's employees or agents misused the electrocardiographic equipment by improperly reading and interpreting the graphs and charts produced by the equipment. The hospital district filed special exceptions contending Mrs. Salcedo failed to state a cause of action within the waiver of governmental immunity under the Texas Tort Claims Act. Tex.Rev.Civ.Stat.Ann. art. 6252–19, § 3. Those special exceptions were sustained and the pleadings were stricken. Mrs. Salcedo chose not to amend the pleadings and the cause of action against the hospital district was dismissed.

■ The El Paso Hospital District is a political subdivision of the State of Texas.

As such, it is not liable for damages unless the negligent or wrongful act alleged falls within the statutory waiver of immunity. *Texas Highway Department v. Weber,* 147 Tex. 628, 219 S.W.2d 70 (1949). The statutory waiver is found in section 3 of the Act and reads, in part, as follows:

Each unit of government in the state shall be liable for money damages for property damage or personal injuries or death when proximately caused by the negligence or wrongful act or omission of any officer or employee acting within the scope of his employment or office arising from the operation or use of a motor-driven vehicle and motor-driven equipment, other than motor-driven equipment used in connection with the operation of floodgates or water release equipment by river authorities created under the laws of this state, under circumstances where such officer or employee would be personally liable to the claimant in accordance with the law of this state, *or death or personal injuries so caused from some condition or some use of tangible property, real or personal, under circumstances where such unit of government, if a private person would be liable to the claimant in accordance with the law of this state.*

Tex.Rev.Civ.Stat.Ann. art. 6252–19, § 3 (emphasis added).

This section provides a waiver of governmental immunity in three general areas: use of publicly owned vehicles, premise defects, and injuries arising from conditions or use of property. *See* Greenhill and Murto, *Governmental Immunity,* 49 Texas L.Rev. 462, 468 (1971). Mrs. Salcedo's pleadings fall within the last category and allege an injury caused from "some condition or some use of tangible property."

■ The order sustaining the hospital district's special exceptions stated the pleadings failed to allege the injuries "were caused from some condition or use of tangible property which the Hospital District furnished in a defective condition." Initially, we must determine whether an allegation of defective or inadequate tangible

property is necessary to state a cause of action under the waiver provision.

The words "some condition" require an allegation of defective or inadequate property when "some condition" of property is a contributing factor to the injury. However, liability can also attach for "personal injuries or death when proximately caused ... from ... *some use* of tangible property, real or personal, under circumstances where such unit of government, if a private person, would be liable...." Tex.Rev.Civ. Stat.Ann. art. 6252–19, § 3 (emphasis added).

Chief Justice Greenhill, in the concurring opinion in *Lowe v. Texas Tech University,* 540 S.W.2d 297, 302 (Tex.1976), recognized that allegations of either defective or non-defective property could invoke the waiver provision. The concurring opinion stated, "The statutory language 'condition or use' of property implies that such property was furnished, was in bad or defective condition *or was wrongly used*" (emphasis added). The Chief Justice also recognized the statute was susceptible to either broad or narrow interpretation, and for that reason encouraged the Legislature to "express more clearly its intent as to when it directs that governmental immunity is waived." *Lowe, supra* at 301 (Greenhill, C.J., concurring).

Prior to our opinion in *Lowe,* Dean Keeton, in a Report to the Senate of the 62nd Legislature, recognized the difficulty the language of section 3 would cause the courts when he stated,

> Most negligent conduct that results in personal injury involves either the use of tangible property or the creation or maintenance of a dangerous condition on tangible property. So it seems to me that whereas this might appear to be a somewhat restrictive waiver of immunity it is not so in fact. It is a very general one but productive of undesirable litigation over its meaning.

Senate Interim Comm., 62nd Legislature of Texas, Report on Study of Texas Tort Claims Act, S.Res. 1041 (1971) app. C, at A–15.

Seven years have passed since our opinion in *Lowe,* yet the legislature has not changed the troublesome waiver provision. Thus, the statute has remained susceptible to broad or narrow interpretations. However, section 13 of the Act provides, "The provisions of this Act shall be liberally construed to achieve the purposes hereof." Tex.Rev.Civ.Stat.Ann. art. 6252–19 § 13. To hold that the Act requires an allegation of defective or inadequate property when such an allegation is neither expressly nor impliedly required by section 3 would place a restrictive interpretation on the "condition or use" language. Because of the mandate from the legislature that the Act be liberally construed we cannot give the language such a restrictive interpretation. We hold, therefore, an allegation of defective or inadequate tangible property is not necessary to state a cause of action under the Act if "some use" of the property, rather than "some condition" of the property, is alleged to be a contributing factor to the injury.

■ Next, we must determine whether Mrs. Salcedo's allegations state a cause of action under the Act.

Mrs. Salcedo pleaded:

> Defendant ... misused the equipment and tangible property then and there belonging to said defendant, by improperly reading and interpreting the electrocardiogram graphs and charts produced by such equipment, and relating to the condition of EVERARDO SALCEDO's heart on February 8, 1978.

> As a direct and proximate result of the hereinabove described negligence and malpractice of the Defendants, EVERARDO SALCEDO died, and plaintiffs suffered....

Section 3 was most recently interpreted by this Court in *Lowe.* There we paraphrased that part of section 3 pertinent here as:

> Each unit of government in the state shall be liable for money damages for death or personal injuries so caused (*i.e., when proximately caused by the negligence or wrongful act or omission of any*

*officer or employee acting within the scope of his employment or office)* from some condition or some use of tangible property under circumstances where there would be private liability.

*Lowe, supra* at 299 (emphasis added). In other words, the proximate cause of the damages for death or personal injury must be the negligence or wrongful act or omission of the officer or employee acting within the scope of his employment or office. The negligent conduct, however, must involve "some condition or some use" of tangible property under circumstances where there would be private liability.

Mrs. Salcedo alleged her husband's death was proximately caused by the negligence of the defendants in the use (misuse) of tangible property belonging to the defendant. She alleged the negligent use was the improper "reading and interpreting" of the electrocardiogram graphs. "Use" has been defined in the context of this statute as "to put or bring into action or service; to employ for or apply to a given purpose." *Beggs v. Texas Department of Mental Health and Retardation,* 496 S.W.2d 252 (Tex.Civ.App.—San Antonio 1973, writ ref'd). Reading and interpreting are purposes for which an electrocardiogram graph is used or employed in diagnosing myocardial infarction. We hold, therefore, that Mrs. Salcedo has alleged her loss was proximately caused by the negligence of the hospital district's employees in the use of tangible property. Her allegations state a cause of action within section 3 of the Texas Tort Claims Act.

The judgments of the courts below are reversed and the cause remanded to the trial court for proceedings consistent with this opinion.