**Vera Bell ROBINSON, Appellant,**

v.

**CENTRAL TEXAS MHMR CENTER, Appellee.**

**No. 11–88–067–CV.**

Court of Appeals of Texas, Eastland.

Oct. 6, 1988.

Rehearing Denied Nov. 3, 1988.

Mary Noel Golder, Webb, Stokes, Sparks, Parker, Junell & Choate, San Angelo, for appellant.

Robert D. Batjer, Jr., Batjer & Weir, Attorneys at Law, Abilene, for appellee.

## OPINION

McCLOUD, Chief Justice.

The issue is whether the Texas Tort Claims Act[1] provides for the waiver of governmental immunity in cases involving the "nonuse," as opposed to "misuse," of tangible personal property.

Tommy Robinson, a 27–year–old mildly retarded client of the Central Texas MHMR Center, died on May 4, 1984, while swimming in Lake Brownwood. Although no autopsy was performed, Robinson apparently drowned. Robinson was in the water along with several other clients of Central Texas MHMR when he disappeared. The outing at the lake was supervised by employees of the Central Texas MHMR. Robinson suffered from epilepsy and on occasion experienced grand mal seizures. This was known by the employees of Central Texas MHMR. At the time of his death, Robinson was not wearing a life preserver.

Vera Bell Robinson, the biological grandmother and adoptive mother of Robinson, sued the Central Texas MHMR alleging that Central Texas MHMR was negligent in failing to provide Robinson a life preserver while he was swimming in the lake. The jury found that the defendant, Central Texas MHMR, was negligent in failing to provide Robinson a life preserver and awarded plaintiff funeral expenses of $2,990.50. The jury did not award plaintiff any other damages.

Plaintiff appeals urging that the "0" findings for mental anguish and loss of love, comfort, and companionship suffered by plaintiff are contrary to the overwhelming weight and preponderance of the evidence so as to be manifestly unjust. By cross-point, defendant asserts that the trial court erred in denying its motion for an instructed verdict. We sustain the cross-point.

TEX.CIV.PRAC. & REM.CODE ANN. sec. 101.021 (Vernon 1986) provides:

A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or. motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or *use of tangible personal or real property* if the governmental unit would, were it a private person, be liable to the claimant according to Texas law. (Emphasis added)

When confronted with a "failure to use" question, the Corpus Christi Court in *Bourne v. Nueces County Hospital District,* 749 S.W.2d 630 (Tex.App.—Corpus Christi 1988, writ denied), recently stated:

Tex.Civ.Prac. & Rem.Code Ann. sec. 101.-021 (Vernon 1986) provides for a waiver of governmental immunity in three general areas: use of publicly owned vehicles, premise defects, and injuries arising from a condition or use of property. *Salcedo v. El Paso Hospital District,* 659 S.W.2d 30, 31 (Tex.1983).

Appellant argues that her injuries and the deaths of her husband and daughter arose from the use of appellee's property. Specifically, she asserts that the failure of appellee to use its building to confine her schizophrenic brother after he had been discharged constitutes a "use" of property.

"Use" in the context of this statute, has been defined as *"to put or bring into action or service; to employ for or apply to a given purpose."* *Salcedo,* 659 S.W.2d at 33. Failure to use a building is not equivalent to use of the build-

---

**1.** Section 101.021, et seq., Texas Civil Practice and Remedies Code (formerly Article 6252.19 TEX.REV.CIV.STAT.ANN.).

ing as that term is defined under the statute. (Emphasis added)

Appellant's cause of action alleges a "non-use" rather than a use of property. This court has previously held that the limited waiver of governmental immunity does not extend to "non-use" of property.

In *Floyd v. Willacy County Hospital District,* 706 S.W.2d 731 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.), plaintiff alleged that the hospital was negligent in failing to use available drugs and equipment to render emergency medical care to the deceased. In holding that the waiver provision of the Texas Tort Claims Act is not triggered in a nonuse case, the court stated:

> Appellants do not contend that the hospital's refusal to render medical aid to decedent was the result of negligence in the *use* of any tangible property or because of a defect or malfunction in any equipment, but rather, appellants contend that the *non-use* of the tangible property was actually a *misuse* of such tangible property. In contending that they have pled a cause of action within the waiver provision of the Texas Tort Claims Act, appellants rely on several cases. However, a careful reading of these cases reveals that in each instance some use of property was involved and negligence was alleged in connection with the use thereof, or in the failure to supply *additional* equipment. There is no such allegation in the case at bar. (Emphasis in original)

See also *Diaz v. Central Plains Regional Hospital,* 802 F.2d 141 (5th Cir.1986).

The cases cited by plaintiff are distinguishable. In *Overton Memorial Hospital v. McGuire,* 518 S.W.2d 528 (Tex.1975), the hospital provided a bed without bed rails. Texas Tech University furnished its student a "defective" football uniform in *Lowe v. Texas Tech University,* 540 S.W.2d 297 (Tex.1976). In *Salcedo v. El Paso Hospital District,* 659 S.W.2d 30 (Tex.1983), the alleged misuse of tangible property was the improper reading and interpretation of the electrocardiogram graphs. *Mokry v. University of Texas Health Science Cen-*

*ter at Dallas,* 529 S.W.2d 802 (Tex.Civ.App. —Dallas 1975, writ ref'd n.r.e.), involved alleged negligent use of a container and plumbing fixture.

The court in *Jenkins v. State,* 570 S.W. 2d 175 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ), stated that the waiver provision for personal injuries negligently caused by "some use of tangible property" subjects governmental units to liability for personal injuries negligently caused by the "nonuse of tangible property." We note, however, that the cases cited in *Jenkins* involved some use of property and negligence was alleged in connection with the use of the property or the failure to provide additional property. Also, the court in *Jenkins* observed that the amended petition, in a case where the trial court granted a plea in abatement without hearing evidence, contained a general allegation that the injury was due to the negligent use of tangible property. Furthermore, the language in *Jenkins* is inconsistent with the definition of "use" first stated in *Beggs v. Texas Department of Mental Health and Mental Retardation,* 496 S.W.2d 252 (Tex. Civ.App.—San Antonio 1973, writ ref'd), and later approved by our Supreme Court in *Salcedo v. El Paso Hospital District,* supra.

The jury in the instant case found that defendant failed to provide Robinson with a life preserver. This is clearly a "nonuse" case and not a "misuse" case. See *Green v. City of Dallas,* 665 S.W.2d 567 (Tex. App.-El Paso 1984, no writ) (Osborn, J., dissenting). The defendant did not furnish Robinson with any tangible personal property to be used while swimming. Failure to furnish a life preserver is not equivalent to use of a life preserver as the term "use" was defined in *Salcedo.*

The "troublesome waiver provision" has been brought to the attention of the Legislature, and no change has been made. *Lowe v. Texas Tech University,* supra; *Salcedo v. El Paso Hospital District,* supra. We hold that the failure to provide a life preserver did not constitute the "use"

of tangible personal property. Under the facts of this case, "nonuse" did not amount to "misuse" of property. We agree with the Central Texas MHMR Center. The common-law doctrine of governmental immunity has not been waived. *City of Denton v. Van Page*, 701 S.W.2d 831 (Tex. 1986).

The judgment of the trial court is reversed, and judgment is rendered that plaintiff recover nothing from defendant.