NUMBER 13-00-550-CV




COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________




DIANA BASTON, ET AL., Appellants,


v.



THE CITY OF PORT ISABEL, ET AL., Appellees.

___________________________________________________________________


On appeal from the 197th District Court


of Cameron County, Texas.


___________________________________________________________________


O P I N I O N



Before Justices Dorsey, Hinojosa, and Castillo


Opinion by Justice Castillo



 Appellants, Diana Baston, and the survivors of Nieves Valadez
Garcia, deceased, filed a wrongful death action against appellees, the
City of Port Isabel, Texas, Nellie Fernandez and Randy Farrell, claiming
that appellees' negligent use of an electrocardiograph (EKG) machine
contributed to the death of Nieves Valadez Garcia. The City and the
individual defendants filed a plea to the jurisdiction, claiming sovereign
immunity barred the suit. The trial court granted the plea, finding that
appellants' pleadings did not raise any claims which would fall within
any exception to the Texas Tort Claims Act. Appellants bring this
interlocutory appeal complaining that the trial court erred in granting
the plea to the jurisdiction. (1) We agree and reverse the judgment of the
trial court.

Factual Background

 Appellants filed a petition claiming that the City's Emergency
Medical Services Department responded to a call for assistance to
Nieves Valadez Garcia at approximately 12:59 a.m. on October 11, 1997
and placed an electrocardiograph monitor on her. Appellants alleged
that the machine indicated that the decedent was suffering from cardiac
problems but that the paramedics misinterpreted its reading. They also
asserted that the machine utilized could not be used to "rule out"
cardiac problems but that the paramedics used it for this purpose. 
Appellants claimed in their pleadings that paramedics informed the
decedent that she had no cardiac problems but rather was suffering
from heartburn. They further asserted that the paramedics did not
transport her to a facility and did not urge immediate medical treatment.
Garcia died later that morning.

Sovereign Immunity

 The operation of an emergency ambulance service by a
governmental unit is a governmental function. Tex. Civ. Prac. & Rem.
Code Ann. §101.0215(a)(18)(Vernon Supp. 2001). Governmental
actions are immune from suit and liability under the doctrine of
sovereign immunity and thus a government may not be sued for the
negligence of its employees in reference to emergency ambulance
services unless such negligent actions fall within a statutory waiver of
immunity. City of El Paso v. Hernandez, 16 S.W.3d 409, 414 (Tex. App.
- El Paso 2000, pet. denied). Where no exception exists to sovereign
immunity, dismissal is required. Liberty Mut. Ins. Co. v. Sharp, 874
S.W.2d 736, 739 (Tex. App. - Austin 1994, writ denied). Governmental
immunity defeats a trial court's jurisdiction and is therefore properly
raised by way of a plea to the jurisdiction. Texas Dept' of Transp. v.
Jones, 8 S.W.3d 636, 637 (Tex. 1999).

 In determining whether to grant a plea to the jurisdiction, a trial
court ordinarily must look only (2) to the allegations in the plaintiff's
pleadings, without determining their merits, to see whether any of the
raised claims support its jurisdiction. Caspary v. Corpus Christi
Downtown Mgmt Dist., 942 S.W.2d 223, 225 (Tex. App. - Corpus
Christi 1997, writ denied). Subject matter jurisdiction is a question of
law to be reviewed de novo. Mayhew v. Town of Sunnyvale, 964
S.W.2d 922, 928 (Tex.1998), cert. denied, 119 S.Ct. 2018 (1999). The
role of a reviewing court then, where no evidence was considered by
a trial court, is to examine the pleadings, taking the facts pled as true,
and determine whether those facts support jurisdiction in the trial court. 
Texas Ass'n of Business v. Texas Air Control Bd., 852 S.W.2d 440, 446
(Tex. 1993); UTMB v. Hohman, 6 S.W.3d 767, 771 (Tex. App. -
Houston [1st Dist.] 1999, pet dism'd).

 A limited waiver of governmental immunity has been established
by the Texas Legislature in the Texas Tort Claims Act. See Tex. Civ.
Prac. & Rem. Code §§ 101.001

-101.109 (Vernon 1997 & Supp. 2001) Under such act, a
governmental unit in the state may be sued and is liable for negligent
actions taken in the course of a governmental function if they fall within
one of the exceptions to the Act. (3) Discussion

 In the present case Appellants argue that the question of whether
the use or misuse of an EKG constitutes a waiver of liability under the
tangible personal property exception of the Texas Tort Claims Act is
governed by the the Texas Supreme Court's decision in Salcedo v. El
Paso Hosp. Dist., 659 S.W.2d 30 (Tex. 1983). In Salcedo, the supreme
court found that governmental immunity under the Texas Tort Claims
Act had been waived in the case of the use or misuse of an EKG,
specifically in the negligent reading and interpreting of the
electrocardiogram graphs, which was the proximate cause of Evarado
Salcedo's death. Id. at 33. Appellants also cite to Texas Med. Branch
Hosp. at Galveston v. Hardy, 2 S.W.3d 607 (Tex.App. - Houston [14th
Dist.] 1999, pet. denied), which involved the use or misuse of a cardiac
monitor, and which relies on Salcedo, as further support for their
argument.

 Appellees argue that the present case does not involve the use or
misuse of tangible personal property, but rather the use or misuse of
information. They cite to 

UTMB v. York, 871 S.W.2d 175 (Tex. 1994), and cases derived
therefrom. We are not persuaded. York and its progeny are easily
distinguishable. The cases appellees cite all involve either the use,
misuse or non-use of information, such as that contained in records or
manuals, and such information was not the proximate cause of the
claimed injuries. The cited cases hold that information is an intangible
entity and placing information on a written page or in a computer does
not make the information tangible property nor does it make the use of
the written page or computer to collect or communicate information a
use of tangible personal property. Cherry v. Texas Dept. of Criminal
Justice, 978 S.W.2d 240, 242-43 (Tex. App. - Texarkana 1998, no pet.). 
While we agree that use, misuse or non-use of information does not
waive governmental immunity under §101.021(2) (see City of Hidalgo
Ambulance Service v. Lira, 17 S.W.2d 300, 304 (Tex. App. - Corpus
Christi, no pet.)), we disagree that such holding is applicable to the case
in review. 

 We have held that the word "use", in the context of the Texas Tort
Claims Act, means to "put or bring the property into action or service;
to employ for or apply to a given purpose." Lira, 17 S.W.3d at 304-05. 
The present case directly involves the alleged use or misuse of tangible
personal property (an EKG) in the very purpose for which it was
intended to be used -- the diagnosis of cardiac problems for appropriate
treatment -- and negligence in such use or misuse, causing
inappropriate treatment which results in injury or death, and therefore
constitutes a permissble cause of action under the Texas Tort Claims
Act. See Hardy, 2 S.W.3d at 610. Indeed, the York court recognized
the distinction between the use of medical records and the use of
medical diagnostic equipment by specifically distinguishing its case
from that in Salcedo, stating that an electrocardiogram is
unquestionably tangible personal property and that Salcedo involved the
misuse of hospital device or equipment, unlike the use of information
claims before the York court. York, 871 S.W.2d at 178. Similarly, in
Texas Youth Com'n v. Ryan, 889 S.W.2d 340 (Tex. App. - Houston
[14th] 1994, no pet), which involved a claim of the misuse of diagnostic
tests and evaluations, the reviewing court distinguished Salcedo and
noted that the electrocardiogram machine directly affected Salcedo and
its primary purpose in preventing a heart attack was thwarted by the
misuse of the machine's graphs which brought about the very end it
was meant to prevent. Ryan, 889 S.W.2d at 344. We agree with the
courts in York and Ryan that the use or misuse of an EKG is
distinguishable from the use or misuse of information. 

 Appellees also argue that Salcedo can no longer be relied upon in
light of the holding of Dallas County v. Bossley, 968 S.W.2d 339 (Tex.
1998), and certain amendments to the Texas Tort Claims Act. They
also argue that Salcedo is limited to its facts. As to Salcedo's alleged
demise, we disagree. The basic premise for which the appellants cite
Salcedo is that the use or misuse of an EKG for the purpose of
diagnosing and treating cardiac problems is a tangible use of personal
property which falls under the §101.021(2) exception to the Texas Tort
Claims Act. That is still a viable statement of the law in this State and
has not been overruled by any court or affected by legislative action. 
See York, 871 S.W.2d at 178; Hardy, 2 S.W.3d at 610; Ryan, 889
S.W.2d at 344. The court in Bossley criticized a misinterpretation of
Salcedo by the court of appeals below, set out the correct interpretation
of Salcedo, and did not address the question of whether an EKG or its
graphs would constitute tangible personal property. (4) Bossley, 968
S.W.2d at 342. In limiting Salcedo to its facts, the Bossley court cited
York, again noting that Salcedo arose from the misuse of an
electrocardiograph. We agree that Salcedo is limited to its facts, to the
same extent as are all cases that turn on the analysis of factual issues
or the application of particular facts to the law. We believe, however,
that the facts in the instant case are sufficiently analogous to those in
Salcedo for us to decide the case at bar in accordance with that holding. 
Appellants' pleadings in the present case, taking as true the allegations
pled, would state a claim involving the use or misuse of tangible
personal property, an EKG machine, for which a private person would
have been liable under law, and from which a death resulted. We
therefore find that the trial court has jurisdiction over the claims in this
case under the provisions of Tex. Civ. Prac. & Rem. Code § 101.021(2)
(Vernon 1997). 

Conclusion

 As the trial court had jurisdiction over this cause, it should have
denied the plea to the jurisdiction. We therefore reverse the decision of
the trial court and remand the case for further proceedings consistent
with this opinion. (5) 

 ERRLINDA CASTILLO,

 Justice


Publish.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this 15th day of February, 2001.

 
1. This Court has jurisdiction to hear an interlocutory appeal from
the grant or denial of a plea to the jurisdiction by a governmental unit
pursuant to Tex. Civ. Prac. & Rem. Code § 51.014(a)(8) (Vernon Supp.
2001).
2. The Texas Supreme Court has recently held that where the
reception of evidence is necessary for resolving the question of
jurisdiction, a trial court may hear and consider such evidence. The
Bland Independent School District et. al. v. Douglas Blue and Carolyn
Blue, 44 Tex. Sup. J. 125, 130, 2000 Tex. LEXIS 106 at *20-23
(December 7, 2000). The Court cautioned, however, that an evidentiary
hearing on a plea to the jurisdiction should not be used to determine
issues that could be determined from the pleadings or to require that
the plaintiff essentially try his case in order to establish jurisdiction. Id. 
No evidence was heard in the present case.
3. Specifically, Tex. Civ. Prac. & Rem. Code § 101.021(Vernon 1997),
provides that a governmental unit in the state is liable for: 

1) property damage, personal injury, and death proximately caused by
the wrongful act or omission or the negligence of an employee acting
within his scope of employment if: 

 (A) the property damage, personal injury, or death arises from the
operation or use of a motor-driven vehicle or motor-driven
equipment; and

 (B) the employee would be personally liable to the claimant
according to Texas law; or

(2) personal injury and death so caused by a condition or use of 
tangible personal or real property if the governmental unit would, were
it a private person, be liable to the claimant according to Texas law. 
4. Specifically, the Bossley court reiterated that the Texas Tort
Claims Act required that the injury be proximately caused by the
condition or use of tangible property and noted that the court of appeals
had incorrectly interpreted Salcedo when it stated that the property did
not have to be the instrumentality of harm. Dallas County v. Bossley,
968 S.W.2d 339, 342 (Tex. 1998). The Bossley court criticized the
court of appeals for holding that Salcedo only required "some
involvement of property" and explained that Salcedo actually said that
the involvement of property was "necessary", but not per se
"sufficient". Id. 
5. Appellants also claimed that the alleged use or misuse of the EKG
fell under the "motor-driven equipment" exception to the Texas Tort
Claims Act. Tex. Civ. Prac. & Rem. Code §101.021(1)(A)(Vernon 1997).
As we have already determined that the trial court has jurisdiction of
this suit under Tex. Civ. Prac. & Rem. Code §101.021(2) (Vernon 1997),
we need not reach this question. See Tex. R. App. P. 47.1.