COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-131-CV

JAMES ARNETT ROUGHLEY APPELLANT

V.

TEXAS DEPARTMENT OF APPELLEE

CRIMINAL JUSTICE-CORRECTIONAL 

INSTITUTIONS DIVISION

------------

FROM COUNTY COURT AT LAW NO. 2 OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

James Arnett Roughley appeals the trial court’s order denying his bill of review.  We affirm.

Roughley is incarcerated in the Texas Department of Criminal Justice- Correctional Institutions Division (TDCJ).  In December 2005, Roughley sued TDCJ for negligence.  TDCJ moved to dismiss Roughley’s claims for lack of jurisdiction, arguing that he had not pleaded facts that stated a claim for which TDCJ had waived its sovereign immunity from suit.

On February 28, 2006, the trial court entered an order granting TDCJ’s motion to dismiss.  On March 1, 2006, the trial court clerk mailed Roughley a written a notice stating that an “order” had been entered on February 28.  The notice did not identify the order further.  Roughley acknowledged receiving the notice; however, he claims that he thought the notice referred to the trial court’s dismissal of his claims against other defendants who are not parties to this appeal. 

Thereafter, on July 14, 2006, Roughley filed a motion for leave to amend his complaint against TDCJ.  In response, TDCJ filed an amicus curae advisory in which it reminded the trial court that Roughley’s claims against TDCJ had been dismissed on February 28, 2006.  Roughley then petitioned for a bill of review, alleging that he had not received actual notice of the February 28, 2006 dismissal order until October 20, 2006.  After a hearing on March 9, 2007, the trial court concluded that its February 2006 dismissal of Roughley’s claims for want of jurisdiction was proper and denied Roughley’s request for a bill of review.  This appeal followed.

In his first issue, Roughley complains that the trial court improperly denied his bill of review because he established that he had pleaded a claim for which TDCJ had waived its immunity from suit.

A bill of review is an equitable proceeding to set aside a judgment that is not void on the face of the record but is no longer appealable or subject to a motion for new trial.
(footnote: 2)  The bill of review petitioner must plead and prove three elements:  (1) a meritorious claim or defense (2) that was not asserted due to his opponent’s fraud, accident, or wrongful act, (3) unmixed with any fault or negligence by the petitioner.
(footnote: 3)
 Governmental entities such as TDCJ are immune from suit unless the legislature has expressly consented to the suit.
(footnote: 4)  Absent legislative consent to sue a governmental entity, the trial court lacks subject matter jurisdiction over the case.
(footnote: 5)  Section 
101.021(2)
 of the Texas Tort Claims Act waives a governmental entity’s sovereign immunity from a suit for personal injury proximately caused by a governmental employee’s negligent use of tangible personal property.
(footnote: 6)
 To state a claim under section 101.021(2), the plaintiff must allege that (1) property was used or misused 
by a governmental employee
 and (2) the use proximately caused personal injury or death.
(footnote: 7)  “Use” means “to put or bring into action or service; to employ for or apply to a given purpose.”
(footnote: 8)  
A mere allegation of the involvement of property is insufficient to state a claim for which immunity has been waived under the Act.
(footnote: 9)  Property does not cause injury if it does no more than furnish the condition that makes the injury possible.
(footnote: 10)
 A plea to the jurisdiction challenges the trial court’s authority to determine the subject matter of the action.
(footnote: 11)  Whether the trial court had subject matter jurisdiction is a question of law that we review de novo.
(footnote: 12)  The plaintiff has the burden of alleging facts that affirmatively establish the trial court’s subject matter jurisdiction.
(footnote: 13)  In determining whether jurisdiction exists, we accept the allegations in the pleadings as true and construe them in favor of the pleader.
(footnote: 14)
 In this case, Roughley 
contends that he pleaded sufficient facts to show that his claims fall within the Act’s immunity waiver.  He asserts that the Act waives TDCJ’s immunity from suit because his claims are based on TDCJ’s negligence involving the use or misuse of tangible personal property. 

In his pleadings, Roughley alleged as follows:

He suffers from dermatitis, and Vicky Wright, a TDCJ employee, assigned him work detail performing janitorial duties that required him to handle harmful chemicals that posed a danger to his health as a dermatitis patient.  After Roughley complained of the danger the work detail proposed to his health, Wright did not reassign Roughley’s work detail but told him to “have medical change his HS-18.”

Roughley then went to his prison unit’s infirmary, where he was treated by physician’s assistant John E. Wilson.  Wilson prescribed Roughley various medications but refused to refer him to a dermatologist or to give him a medical restriction stating that he could not perform work detail that required handling chemicals or irritants.

Roughley filed a grievance against Wilson, but Danny Horton, the head warden of Roughley’s prison unit, responded that his office must defer to the medical staff’s professional judgment and that Roughley’s work detail posed no risk or danger to his health.  Roughley then filed a second grievance against both Wilson and Horton, but Guy Smith, the program administrator, deferred to Horton’s response to Roughley’s first grievance.

Roughley alleged the following injuries suffered as a result of these individuals’ conduct:

•Wright was negligent in assigning and failing to reassign Roughley’s work detail duties.

•Wright’s negligence proximately caused Roughley mental and physical anguish and emotional distress from his having to be extra careful not to allow his skin or clothing to come in contact with the chemicals as he performs his work detail.

•Wilson was negligent in refusing Roughley’s request for a dermatologist referral and in failing to restrict Roughley from working with dangerous chemicals and irritants.

•Wilson’s negligence proximately caused Roughley physical pain from the itching and continued spreading of his dermatitis.  In addition, Wilson’s negligence caused Roughley emotional anguish from his shameful appearance, his being forced to perform work detail that required the using and handling of dangerous chemicals and irritants, and his not knowing the nature or source of his dermatitis or what proper medical treatment might be administered.

•Horton and Smith were negligent in failing to properly intervene in Roughley’s grievances.  Their negligence proximately caused Roughley emotional stress, mental anguish, and physical pain due to inadequate treatment for his dermatitis and to his being forced to perform dangerous and risky work detail.

Accepting Roughley’s pleadings as true and construing them in his favor, we hold that they do not allege facts that state a claim for which TDCJ has waived its immunity from suit.  Roughley alleged that Wright negligently assigned and failed to assign Roughley’s work detail, that Wilson negligently refused to refer Roughley to a dermatologist or to restrict him from working with dangerous chemicals and irritants, and that Horton and Smith negligently failed to intervene properly in Roughley’s grievance proceedings.  None of these allegations, however, involves the use or misuse of personal property by TDCJ employees.  Rather, according to Roughley’s pleadings, he is the only person who used the personal property—chemicals and irritants—of which he complains.

The true substance of Roughley’s complaints are that his alleged injuries were caused, not by TDCJ’s use of chemicals and irritants, but by TDCJ’s failure to reassign his work detail, to give him the medical restriction he requested, and to refer him to a dermatologist.  These alleged failures do not fall within the Act’s limited waiver of immunity.
(footnote: 15)
 For these reasons, we hold that the trial court did not err by concluding that Roughley failed to establish a meritorious claim in his bill of review proceeding.  Accordingly, the trial court properly denied the bill of review.  We overrule Roughley’s first issue.

In his second issue, Roughley complains that the trial court abused its discretion by not allowing him to present evidence at the bill of review hearing regarding his injuries from using chemicals during his work detail.
(footnote: 16)  But Roughley did not seek to put on any evidence that a TDCJ employee had used the chemicals; instead, he sought only to present evidence of the alleged injuries he had suffered as a result of his own use of the chemicals.  In deciding a plea to the jurisdiction, the trial court should confine itself to the evidence relevant to the jurisdictional issue.
(footnote: 17)  Therefore, we hold that the trial court did not abuse its discretion by refusing to admit Roughley’s evidence.  We overrule Roughley’s second issue.

In his third issue, Roughley contends that the trial court improperly “set aside” a subpoena he had served on TDCJ under which he sought the production of both the chemicals and documents certifying their “danger and risk to human skin.”  TDCJ sought a protective order with regard to Roughley’s subpoena.  However, there is no evidence in the record that the trial court granted TDCJ’s request or “set aside” Roughley’s subpoena.  Therefore, we overrule Roughley’s third issue.

In his fourth issue, Roughley complains that the trial court erred by holding him to the same standards as an attorney after denying his request for appointment of counsel.
(footnote: 18)  Roughley cites no legal authority for this argument.
(footnote: 19)  Indeed, pro se litigants must comply with the applicable procedural rules;
(footnote: 20) otherwise, they would be given an unfair advantage over litigants represented by counsel.
(footnote: 21)  Moreover, the trial court took Roughley’s pro se status into consideration and allowed him to present his arguments fully at the bill of review hearing.
(footnote: 22)  Accordingly, we overrule Roughley’s fourth issue and affirm the trial court’s judgment. 

PER CURIAM

PANEL F:  CAYCE, C.J.; LIVINGSTON and GARDNER, JJ.

DELIVERED:  December 6, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
King Ranch, Inc. v. Chapman,
 118 S.W.3d 742, 751 (Tex. 2003), 
cert. denied,
 541 U.S. 1030 (2004).

3:
Ross v. Nat’l Ctr. for the Employment of the Disabled,
 197 S.W.3d 795, 797 (Tex. 2006); 
King Ranch, Inc.,
 118 S.W.3d at 751-52.

4:
Tex. Dep’t of Transp. v. Jones,
 8 S.W.3d 636, 638 (Tex. 1999).

5:
Id
.

6:
Tex. Civ. Prac. & Rem. Code Ann.
 § 101.021 (Vernon 2005).

7:
Dallas County MHMR v. Bossley,
 968 S.W.2d 339, 343 (Tex.), 
cert. denied,
 525 U.S. 1017 (1998)
;
 
see also Salcedo v. El Paso Hosp. Dist.,
 659 S.W.2d 30, 32-33 (Tex. 1983); 
Lowe v. Tex. Tech. Univ.,
 540 S.W.2d 297, 299 (Tex. 1976) (both construing the phrase “personal injury and death so caused by a condition or use of property” as meaning “when proximately caused by the negligence or wrongful act or omission of any officer or employee acting within the scope of his employment or office”).  
Salcedo
 and 
Lowe
 have been limited on other grounds, 
see Bossley,
 968 S.W.2d at 342-43, but not based on their construction of this phrase.

8:
Tex. Natural Res. Conservation Comm’n v. White,
 46 S.W.3d 864, 869 (Tex. 2001)
.

9:
See Bossley,
 968 S.W.2d at 342 (stating that some involvement of property is necessary, but not sufficient, to establish an immunity waiver).

10:
Id.
 at 343 (citing 
Union Pump Co. v. Allbritton,
 898 S.W.2d 773, 776 (Tex. 1995)).

11:
Tex. Dep’t of Transp.,
 8 S.W.3d at 638.

12:
Tex. Natural Res. Conservation Comm’n v. IT-Davy,
 74 S.W.3d 849, 855 (Tex. 2002); 
Archibeque v. N. Tex. State Hosp.-Wichita Falls Campus,
 115 S.W.3d 154, 157 (Tex. App.—Fort Worth 2003, no pet.)
.

13:
Tex. Dep’t of Parks & Wildlife v. Miranda,
 133 S.W.3d 217, 226 (Tex. 2004); 
Tex. Ass’n of Bus. v. Tex. Air Control Bd.,
 852 S.W.2d 440, 446 (Tex. 1993).

14:
Tex. Ass’n of Bus.,
 852 S.W.2d at 446;
 Tex. Dep’t of MHMR v. Lee,
 38 S.W.3d 862, 865 (Tex. App.—Fort Worth 2001, pet. denied).

15:
See Bossley,
 968 S.W.2d at 343; 
Salcedo,
 659 S.W.2d at 32-33; 
Lowe,
 540 S.W.2d at 299.

16:
Roughley did not attempt to present this evidence before the trial court dismissed his claims in February 2006.

17:
Miranda,
 133 S.W.3d at 227; 
Bland ISD v. Blue,
 34 S.W.3d 547, 555 (Tex. 2000).

18:
Cf. Gibson v. Tolbert,
 102 S.W.3d 710, 713 (Tex. 2003) (stating that the mere fact that an indigent inmate brings a cause of action against a prison employee does not warrant the appointment of counsel for the inmate).

19:
See
 
Tex. R. App. P.
 38.1(h) (providing that an appellant’s brief must contain appropriate citations to legal authorities); 
Fredonia State Bank v. Gen. Am. Life Ins. Co.,
 881 S.W.2d 279, 284 (Tex. 1994) (noting the long-standing rule that a point may be waived due to inadequate briefing).

20:
Wheeler v. Green,
 157 S.W.3d 439, 444 (Tex. 2005).

21:
Mansfield State Bank v. Cohn,
 573 S.W.2d 181, 185 (Tex. 1978).

22:
At the beginning of the hearing, the trial court stated,

I know you’re probably a little bit nervous here today.  . . .  I realize that you’re a lay person and I’m going to give you a lot of latitude here.  I’m not going to pressure you for time or anything like that.  So just slow down a little bit and take your time.

At the close of the hearing, the court stated,

Mr. Roughley, I understand your difficulties.  I really do.  . . .  But given the state of the rules as they exist now and the presentations made today, I’m going to deny your petition for Bill of Review and the original judgment will stand.