COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-131-CV

 

 

JAMES ARNETT ROUGHLEY                                                  APPELLANT

 

                                                   V.

 

TEXAS DEPARTMENT OF                                                        APPELLEE

CRIMINAL
JUSTICE-CORRECTIONAL 

INSTITUTIONS
DIVISION

 

                                              ------------

 

          FROM
COUNTY COURT AT LAW NO. 2 OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

James Arnett Roughley appeals
the trial court=s order
denying his bill of review.  We affirm.








Roughley is incarcerated in
the Texas Department of Criminal Justice- Correctional Institutions Division
(TDCJ).  In December 2005, Roughley sued
TDCJ for negligence.  TDCJ moved to
dismiss Roughley=s claims for
lack of jurisdiction, arguing that he had not pleaded facts that stated a claim
for which TDCJ had waived its sovereign immunity from suit.

On February 28, 2006, the
trial court entered an order granting TDCJ=s motion to dismiss.  On March
1, 2006, the trial court clerk mailed Roughley a written a notice stating that
an Aorder@ had been
entered on February 28.  The notice did
not identify the order further.  Roughley
acknowledged receiving the notice; however, he claims that he thought the
notice referred to the trial court=s dismissal of his claims against other defendants who are not parties
to this appeal. 

Thereafter, on July 14, 2006,
Roughley filed a motion for leave to amend his complaint against TDCJ.  In response, TDCJ filed an amicus curae
advisory in which it reminded the trial court that Roughley=s claims against TDCJ had been dismissed on February 28, 2006.  Roughley then petitioned for a bill of
review, alleging that he had not received actual notice of the February 28,
2006 dismissal order until October 20, 2006. 
After a hearing on March 9, 2007, the trial court concluded that its
February 2006 dismissal of Roughley=s claims for want of jurisdiction was proper and denied Roughley=s request for a bill of review. 
This appeal followed.








In his first issue, Roughley
complains that the trial court improperly denied his bill of review because he
established that he had pleaded a claim for which TDCJ had waived its immunity
from suit.

A bill of review is an
equitable proceeding to set aside a judgment that is not void on the face of
the record but is no longer appealable or subject to a motion for new trial.[2]  The bill of review petitioner must plead and
prove three elements:  (1) a meritorious
claim or defense (2) that was not asserted due to his opponent=s fraud, accident, or wrongful act, (3) unmixed with any fault or
negligence by the petitioner.[3]








Governmental entities such as
TDCJ are immune from suit unless the legislature has expressly consented to the
suit.[4]  Absent legislative consent to sue a
governmental entity, the trial court lacks subject matter jurisdiction over the
case.[5]  Section 101.021(2) of the Texas Tort Claims
Act waives a governmental entity=s sovereign immunity from a suit for personal injury proximately
caused by a governmental employee=s negligent use of tangible personal property.[6]

To state a claim under
section 101.021(2), the plaintiff must allege that (1) property was used or
misused by a governmental employee and (2) the use proximately caused
personal injury or death.[7]  AUse@ means Ato put or bring into action or service; to employ for or apply to a
given purpose.@[8]  A mere allegation of the
involvement of property is insufficient to state a claim for which immunity has
been waived under the Act.[9]  Property does not cause injury if it does no
more than furnish the condition that makes the injury possible.[10]








A plea to the jurisdiction
challenges the trial court=s authority to determine the subject matter of the action.[11]  Whether the trial court had subject matter
jurisdiction is a question of law that we review de novo.[12]  The plaintiff has the burden of alleging
facts that affirmatively establish the trial court=s subject matter jurisdiction.[13]  In determining whether jurisdiction exists,
we accept the allegations in the pleadings as true and construe them in favor
of the pleader.[14]

In this case, Roughley
contends that he pleaded sufficient facts to show that his claims fall within
the Act=s immunity waiver.  He asserts
that the Act waives TDCJ=s immunity
from suit because his claims are based on TDCJ=s negligence involving the use or misuse of tangible personal
property. 

In his pleadings, Roughley
alleged as follows:








He suffers from dermatitis,
and Vicky Wright, a TDCJ employee, assigned him work detail performing
janitorial duties that required him to handle harmful chemicals that posed a
danger to his health as a dermatitis patient. 
After Roughley complained of the danger the work detail proposed to his
health, Wright did not reassign Roughley=s work detail but told him to Ahave medical change his HS-18.@

Roughley then went to his
prison unit=s infirmary,
where he was treated by physician=s assistant John E. Wilson. 
Wilson prescribed Roughley various medications but refused to refer him
to a dermatologist or to give him a medical restriction stating that he could
not perform work detail that required handling chemicals or irritants.

Roughley filed a grievance
against Wilson, but Danny Horton, the head warden of Roughley=s prison unit, responded that his office must defer to the medical
staff=s professional judgment and that Roughley=s work detail posed no risk or danger to his health.  Roughley then filed a second grievance
against both Wilson and Horton, but Guy Smith, the program administrator,
deferred to Horton=s response
to Roughley=s first
grievance.

Roughley alleged the
following injuries suffered as a result of these individuals= conduct:

$Wright
was negligent in assigning and failing to reassign Roughley=s
work detail duties.

 

$Wright=s
negligence proximately caused Roughley mental and physical anguish and
emotional distress from his having to be extra careful not to allow his skin or
clothing to come in contact with the chemicals as he performs his work detail.

 








$Wilson
was negligent in refusing Roughley=s request for a dermatologist
referral and in failing to restrict Roughley from working with dangerous
chemicals and irritants.

 

$Wilson=s
negligence proximately caused Roughley physical pain from the itching and
continued spreading of his dermatitis. 
In addition, Wilson=s negligence caused Roughley
emotional anguish from his shameful appearance, his being forced to perform
work detail that required the using and handling of dangerous chemicals and
irritants, and his not knowing the nature or source of his dermatitis or what
proper medical treatment might be administered.

 

$Horton
and Smith were negligent in failing to properly intervene in Roughley=s
grievances.  Their negligence proximately
caused Roughley emotional stress, mental anguish, and physical pain due to
inadequate treatment for his dermatitis and to his being forced to perform
dangerous and risky work detail.

 

Accepting Roughley=s pleadings as true and construing them in his favor, we hold that
they do not allege facts that state a claim for which TDCJ has waived its
immunity from suit.  Roughley alleged
that Wright negligently assigned and failed to assign Roughley=s work detail, that Wilson negligently refused to refer Roughley to a
dermatologist or to restrict him from working with dangerous chemicals and
irritants, and that Horton and Smith negligently failed to intervene properly
in Roughley=s grievance
proceedings.  None of these allegations,
however, involves the use or misuse of personal property by TDCJ
employees.  Rather, according to Roughley=s pleadings, he is the only person who used the personal propertyCchemicals and irritantsCof which he complains.








The true substance of
Roughley=s complaints are that his alleged injuries were caused, not by TDCJ=s use of chemicals and irritants, but by TDCJ=s failure to reassign his work detail, to give him the medical
restriction he requested, and to refer him to a dermatologist.  These alleged failures do not fall within the
Act=s limited waiver of immunity.[15]

For these reasons, we hold
that the trial court did not err by concluding that Roughley failed to
establish a meritorious claim in his bill of review proceeding.  Accordingly, the trial court properly denied
the bill of review.  We overrule Roughley=s first issue.








In his second issue, Roughley
complains that the trial court abused its discretion by not allowing him to
present evidence at the bill of review hearing regarding his injuries from
using chemicals during his work detail.[16]  But Roughley did not seek to put on any
evidence that a TDCJ employee had used the chemicals; instead, he sought only
to present evidence of the alleged injuries he had suffered as a result of his
own use of the chemicals.  In deciding a
plea to the jurisdiction, the trial court should confine itself to the evidence
relevant to the jurisdictional issue.[17]  Therefore, we hold that the trial court did
not abuse its discretion by refusing to admit Roughley=s evidence.  We overrule
Roughley=s second issue.

In his third issue, Roughley
contends that the trial court improperly Aset aside@ a subpoena
he had served on TDCJ under which he sought the production of both the
chemicals and documents certifying their Adanger and risk to human skin.@  TDCJ sought a protective order
with regard to Roughley=s
subpoena.  However, there is no evidence
in the record that the trial court granted TDCJ=s request or Aset aside@ Roughley=s
subpoena.  Therefore, we overrule
Roughley=s third issue.








In his fourth issue, Roughley
complains that the trial court erred by holding him to the same standards as an
attorney after denying his request for appointment of counsel.[18]  Roughley cites no legal authority for this
argument.[19]  Indeed, pro se litigants must comply with the
applicable procedural rules;[20]
otherwise, they would be given an unfair advantage over litigants represented
by counsel.[21]  Moreover, the trial court took Roughley=s pro se status into consideration and allowed him to present his
arguments fully at the bill of review hearing.[22]  Accordingly, we overrule Roughley=s fourth issue and affirm the trial court=s judgment.      

PER CURIAM

PANEL F: 
CAYCE, C.J.; LIVINGSTON and GARDNER, JJ.

DELIVERED: 
December 6, 2007

 

 











[1]See Tex. R. App. P. 47.4.





[2]King
Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003), cert.
denied, 541 U.S. 1030 (2004).





[3]Ross
v. Nat=l
Ctr. for the Employment of the Disabled, 197 S.W.3d 795, 797 (Tex.
2006); King Ranch, Inc., 118 S.W.3d at 751-52.





[4]Tex.
Dep=t of
Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999).





[5]Id.





[6]Tex. Civ. Prac. & Rem. Code Ann. '
101.021 (Vernon 2005).





[7]Dallas
County MHMR v. Bossley, 968 S.W.2d 339, 343 (Tex.), cert.
denied, 525 U.S. 1017 (1998); see also Salcedo v. El Paso Hosp. Dist.,
659 S.W.2d 30, 32‑33 (Tex. 1983); Lowe v. Tex. Tech. Univ., 540
S.W.2d 297, 299 (Tex. 1976) (both construing the phrase Apersonal
injury and death so caused by a condition or use of property@ as
meaning Awhen
proximately caused by the negligence or wrongful act or omission of any officer
or employee acting within the scope of his employment or office@).  Salcedo and Lowe have been
limited on other grounds, see Bossley, 968 S.W.2d at 342‑43, but
not based on their construction of this phrase.





[8]Tex.
Natural Res. Conservation Comm=n v. White, 46
S.W.3d 864, 869 (Tex. 2001).





[9]See
Bossley, 968 S.W.2d at 342 (stating that some involvement
of property is necessary, but not sufficient, to establish an immunity waiver).





[10]Id. at
343 (citing Union Pump Co. v. Allbritton, 898 S.W.2d 773, 776 (Tex.
1995)).





[11]Tex.
Dep=t of
Transp., 8 S.W.3d at 638.





[12]Tex.
Natural Res. Conservation Comm=n v. IT-Davy, 74
S.W.3d 849, 855 (Tex. 2002); Archibeque v. N. Tex. State Hosp.‑Wichita
Falls Campus, 115 S.W.3d 154, 157 (Tex. App.CFort
Worth 2003, no pet.).





[13]Tex.
Dep=t of
Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex.
2004); Tex. Ass=n of
Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex.
1993).





[14]Tex.
Ass=n of
Bus., 852 S.W.2d at 446; Tex. Dep=t of
MHMR v. Lee, 38 S.W.3d 862, 865 (Tex. App.CFort
Worth 2001, pet. denied).





[15]See
Bossley, 968 S.W.2d at 343; Salcedo, 659 S.W.2d at
32-33; Lowe, 540 S.W.2d at 299.





[16]Roughley
did not attempt to present this evidence before the trial court dismissed his
claims in February 2006.





[17]Miranda, 133
S.W.3d at 227; Bland ISD v. Blue, 34 S.W.3d 547, 555 (Tex. 2000).





[18]Cf.
Gibson v. Tolbert, 102 S.W.3d 710, 713 (Tex. 2003) (stating that
the mere fact that an indigent inmate brings a cause of action against a prison
employee does not warrant the appointment of counsel for the inmate).





[19]See Tex. R. App. P. 38.1(h) (providing that
an appellant=s
brief must contain appropriate citations to legal authorities); Fredonia
State Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284 (Tex. 1994)
(noting the long-standing rule that a point may be waived due to inadequate
briefing).





[20]Wheeler
v. Green, 157 S.W.3d 439, 444 (Tex. 2005).





[21]Mansfield
State Bank v. Cohn, 573 S.W.2d 181, 185 (Tex. 1978).





[22]At
the beginning of the hearing, the trial court stated,

 

I
know you=re
probably a little bit nervous here today. 
. . .  I realize that you=re a
lay person and I=m
going to give you a lot of latitude here. 
I=m not
going to pressure you for time or anything like that.  So just slow down a little bit and take your
time.

 

At
the close of the hearing, the court stated,

 

Mr. Roughley, I understand your
difficulties.  I really do.  . . . 
But given the state of the rules as they exist now and the presentations
made today, I=m
going to deny your petition for Bill of Review and the original judgment will
stand.