**Bruce S. TERRILL, Appellant,**

**v.**

**Lanelle HARBIN, Appellee.**

**No. 3862.**

Court of Civil Appeals of Texas.

Eastland.

March 20, 1964.

Rehearing Denied April 3, 1964.

Touchstone, Bernays & Johnston, Lucian Touchstone, Dallas, Ennis Favors, Stephenville, for appellant.

Clyde V. Sweeney, Stephenville, for appellee.

COLLINGS, Justice.

Lanelle Harbin brought suit in the District Court of Erath County against Dr. Bruce S. Terrill. Plaintiff alleged that she was the wife of Judge Dale W. Harbin prior to his death on July 6, 1961; that after the death of her husband, Dr. Terrill performed a wrongful and unauthorized autopsy on his body in Erath County; that such action by the defendant was a trespass and a crime, which caused plaintiff to suffer great mental anguish, distress and damages. Dr. Terrill filed his plea of privilege

to be sued in Dallas County, the place of his residence. The plea of privilege was overruled and he has appealed.

Since appellant does not reside in Erath County, appellee in order to maintain venue therein under the provisions of Article 1995, Subdivision 9, Vernon's Ann.Tex.Civ.St. had the burden to both allege and prove that a crime, offense or trespass was committed by appellant in Erath County. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; W. B. Johnson Drilling Company v. Lacy, Tex.Civ.App., 336 S.W.2d 230. Appellee Lanelle Harbin alleged in her pleadings, which were attached to and made a part of her controverting affidavit to appellant's plea of privilege, and contends that she has proved by a preponderance of the evidence that Dr. Terrill committed a crime and/or trespass on the body of her deceased husband in Erath County within the meaning of Subdivision 9, and that she is therefore entitled to maintain venue in such county under the statute.

Appellant presents points urging that the court erred in overruling his plea of privilege because he contends that appellee did not allege and prove (1) the commission of a crime or offense in Erath County; (2) did not allege and prove that appellant committed a trespass in Erath County within the meaning of Subdivision 9; (3) that there was no evidence, and (4) that the evidence was insufficient to support the presumed findings of the court to sustain venue under Subdivision 9; and (5) that any implied finding in support of the judgment was so against the overwhelming weight and preponderance of the evidence as to be manifestly wrong and unjust. In our opinion no reversible error is shown because the record shows that appellee did both allege and amply prove that appellant Dr. Bruce S. Terrill committed a trespass in Erath County.

Appellee alleged and the evidence supports the conclusion that Mrs. Harbin agreed for Dr. Terrill to open the site of a previous operative incision and to look

and see what had happened at the site of the previous operations. The evidence also supports the conclusion that Mrs. Harbin did not agree to a more extensive autopsy. Mrs. Harbin testified that when Dr. Terrill came to her home shortly after the death of her husband and showed a desire to talk to her about the matter she told him that if it was an autopsy he was going to talk about the answer was "no". She testified that Dr. Terrill then told her the only thing he wanted to do was to look at the operative site and see what happened; that he was not going to ask for an autopsy. Two other witnesses who were present at the time of this conversation testified to substantially the same thing. The only testimony that Mrs. Harbin agreed to anything more than to open the incision and look at the operative site was by appellant Dr. Terrill. He denied that he was "even thinking of going through the operative site" when he discussed the matter with Mrs. Harbin, and denied that she had so limited her permission for the autopsy. He stated that she gave her consent for him and another doctor to perform "the post operative procedure." The evidence shows that an autopsy was performed on the body of the deceased Dale Harbin in the funeral home at Dublin, Texas, in Erath County. Another doctor who assisted Dr. Terrill testified that an "autopsy" was performed on the body of the deceased Dale Harbin and that the old incision was not touched in performing such autopsy. Dr. Terrill testified that the old operative site could have been opened and the "graft" or "tissue" observed without going into any place except the old operative site. He stated that he and the doctor with whom he was working did not go into the incision where the old operative site was; that such an incision and examination would not have permitted a satisfactory determination of what happened to the previous operations. The doctor stated that the body was opened from the shoulder to the midline at about the left of the mid sternum and then down to the pubis; that skin flaps were retracted and the abdomen opened; that the main attention was to the

chest cavity. The doctor stated that "the involved specimen" were removed from the body and that such removed parts consisted of the heart, the aorta and all surrounding structures, including a portion of the lungs, the trachea, and the esophagus. Appellant stated that the removed portions were then taken to the Stephenville Hospital & Clinic for examination and thereafter sent to Houston where they remained for a considerable time, almost two years before a final report was made.

 The evidence amply supports the conclusion that the autopsy performed by appellant exceeded and went beyond the authority and permission granted by appellee Mrs. Dale Harbin. The question presented is whether such action constitutes a trespass or crime as contemplated by Subdivision 9, supra. In our opinion it does. In 87 C.J.S. Trespass § 1, at p. 955, it is stated that "In a general sense any invasion of another's rights is a trespass." Also see Lloyd v. Smith, Tex.Civ.App., 203 S.W.2d 793; Ferguson v. Coody, Tex.Civ.App., 211 S.W.2d 295; Shell Petroleum Corporation v. Liberty Gravel & Sand Company, Inc., Tex.Civ.App., 128 S.W.2d 471. The right to bury a corpse and preserve its remains is a legal right which is well recognized, and it is held that the courts will protect such right and the right to dispose of a corpse by a decent burial which includes the right to possession of the body in the same condition in which death leaves it. 17 Tex.Jur. 2d 485; Burnett v. Surratt, Tex.Civ.App., 67 S.W.2d 1041. It is also held that a widow has the primary and paramount right to the possession of her husband's body above that of any other person. 17 Tex. Jur.2d 487; Flores v. De Galvan, Tex.Civ. App., 127 S.W.2d 305; Curlin v. Curlin, Tex.Civ.App., 228 S.W. 602; Wright v. Harned, Tex.Civ.App., 163 S.W. 685. Any interference with such right of possession of the body of a deceased by mutilation or otherwise disturbing the body without the consent of the next of kin is an actionable wrong for which a claim for damages may be maintained. Love v. Aetna Casualty & Surety Company, Tex.Civ.App., 99 S.W. 2d 646, affirmed 132 Tex. 280, 121 S.W.2d 986.

 We hold, therefore, that Mrs. Harbin did allege and prove that appellant committed a trespass in Erath County within the meaning of Subdivision 9, supra; that there was some evidence of probative force, and that such evidence was sufficient to support the presumed finding of the court that such a trespass was committed in Erath County, and that such finding was not so against the overwhelming weight and preponderance of the evidence as to be manifestly wrong and unjust. Appellant's points contending to the contrary are overruled.

The order of the court overruling appellant's plea of privilege is affirmed.