**Octavish FREEMAN, Appellant,**

v.

**HARRIS COUNTY, Texas, Appellee.**

No. 01–04–00148–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 12, 2006.

sufficient facts to show that the County had waived its immunity under the Texas Tort Claims Act ("the Act"), (2) Freeman is entitled to recover damages for his mental anguish and property loss, and (3) the County waived its governmental immunity when it committed an unauthorized and or unlawful act. We reverse and remand.

Mark A. Rubal, Houston, TX, for Appellant.

Michael R. Hull, Assistant County Attorney, Michael A. Stafford, Harris County Attorney, Houston, TX, for Appellee.

Panel consists of Justices JENNINGS, HANKS, and MIRABAL.[6]

## OPINION ON REHEARING

GEORGE C. HANKS, JR., Justice.

We withdraw our opinion of August 31, 2005 and issue the following opinion in its stead. We deny Harris County's motion for rehearing.

Appellant, Octavish Freeman, appeals the trial court's order dismissing his negligence claim against appellee, Harris County, Texas ("the County"), for lack of subject-matter jurisdiction. In three separate. issues, Freeman contends that the trial court erred in granting the County's plea to jurisdiction because (1) Freeman alleged

## Background

The Harris County Medical Examiner's Office ("the Office") performed an autopsy on the body of Freeman's 27–day–old baby. The autopsy was required by law pursuant to article 49.25, section 6(a)(7) of the Texas Code of Criminal Procedure.[1] After the autopsy, the Office informed Freeman that it had lost the baby's body. To date, the body has not been located.

Katrina Jones and Freeman were the child's biological parents. Jones filed a civil suit against the County seeking damages for the loss of the baby's body, and Freeman intervened. In response to the intervention, the County filed a plea to the jurisdiction. Following a hearing, the trial court granted the County's plea to the jurisdiction and dismissed the case. Freeman challenges the trial court's order of dismissal.[2]

## Governmental Immunity

A plea to the jurisdiction is a dilatory plea challenging a trial court's authority to determine the subject matter of

---

6. The Honorable Margaret G. Mirabal, Retired Senior Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

1. Section 6(a)(7) provides in pertinent part that any medical examiner, or his duly authorized deputy, shall be authorized, and it shall be his duty, to hold inquests with or without a jury within his county, when the

person is a child who is younger than six years of age and the death is reported under Chapter 264 of the Family Code. TEX.CODE CRIM. PROC. ANN. art. 49.25 § 6(a)(7) (Vernon Supp.2005).

2. Jones is not a party to this appeal.

the cause of action without defeating the merits of the case. *City of Houston v. Northwood Mun. Util. Dist. No. 1*, 73 S.W.3d 304, 308 (Tex.App.-Houston [1st Dist.] 2001, pet. denied) (citing *Bland I.S.D. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000)). While the underlying claims may form the context in which a plea to the jurisdiction is raised, the purpose of the plea is not to preview or delve into the merits of the case, but to establish the reason why the merits of the underlying claims should never be reached. *Id.* To defeat a plea to the jurisdiction, "the [plaintiff] must allege facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *City of Houston v. Rushing*, 7 S.W.3d 909, 914 (Tex.App.-Houston [1st Dist.] 1999, no pet.). In determining whether jurisdiction exists, we accept allegations in the plaintiff's pleadings as true and construe them liberally in favor of the plaintiff. *Texas Dep't Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004); *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993). A trial court's ruling on a plea to the jurisdiction presents a question of law which is reviewed de novo. *Texas Nat'l. Res. Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex.2002).

In his pleadings, Freeman alleges that the County has waived its governmental immunity to this suit because it was negligent in (1) using its tangible personal and real property, which included certain motor-driven equipment[3] and (2) in failing to warn or make reasonably safe, a premise defect at its premises.[4] Freeman also argued that the County's conduct constituted criminal negligence under section 42.08 of the Texas Penal Code. *See* TEX. PEN.CODE ANN. § 42.08(a)(1) (Vernon 2003) (providing that a person commits an offense if he intentionally or knowingly disinters, disturbs, removes, dissects, in whole or in part, carries away, or treats in a seriously offensive manner a human corpse). In response, the County argued that its immunity from suit was not waived because Freeman did not allege facts which would result in the waiver of its immunity. Moreover, the County asserted that a mental anguish claim and a violation of a criminal statute do not waive its governmental immunity.

■ Under the doctrine of governmental immunity, a governmental entity is not liable for the negligence of employees absent a constitutional or statutory provision for liability. *Univ. of Texas Med. Branch at Galveston v. York*, 871 S.W.2d 175, 177 (Tex.1994). Section 101.021 of the Texas Torts Claims Act (the "Act") sets out a limited waiver of immunity for certain types of claims against the State and its subdivisions, including claims involving the use of motor-driven equipment.[5] Thus, the County remains immune from suit un-

---

3. Freeman stated that such tangible personal and real property included, but was not limited to, the County's "trash receptacles, incinerator, linens, gurneys, metal trays, morgue refrigerator units, corpse preservation units and any other equipment related to the performance of an autopsy, including the body of [the baby] entrusted to its care."

4. Freeman noted that the alleged premises defect included, but was not limited to, "overly full corpse refrigeration units, gurneys, and trays, and untidy and/or disorganized autopsy rooms."

5. The Act provides in pertinent part that,
   *A governmental unit in the state is liable for:*
   (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
   (A) *the property damage, personal injury, or death arises from the operation or use of a*

less the plaintiff pleads a claim within the scope of waiver under section 101.021 of the Act. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(1–2) (Vernon 2005).

### Operation or Use of Motor-Driven Equipment

█ In his first issue, Freeman argues that the County has waived its immunity under section 101.021(1) because it was negligent in using its tangible personal and real property, including an incinerator that is motor-driven, and this negligence resulted in the loss of his baby's body. The County concedes that the incinerator is motor driven. The County argues, however, that it has not waived its immunity under section 101.021(1) because, even if this equipment was used after the autopsy, the equipment operated as designed to dispose of the baby's body. Thus, the County argues that any damages suffered by Freeman were caused by the negligent *acts* of an individual employee and not by the negligent *use* of the incinerator, itself. We disagree.

█ In this case, Freeman has alleged sufficient facts that, if true, waive the County's immunity from Freeman's negligence claims under the Act. Section 101.021 provides that immunity is waived if the negligence of an employee acting within the scope of his employment proximately causes damages and the damages arise from the use or operation of the motor-driven equipment. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1)(A–B) (Vernon

*motor-driven vehicle or motor-driven equipment;* and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real

2005). This section does not require that, for the County's immunity to be waived, the motor-driven equipment must be used for something other than its intended purpose. *See City of El Paso v. W.E.B. Invs.,* 950 S.W.2d 166, 170 (Tex.App.-El Paso 1997, writ denied) (holding that negligence of a City employee in ordering the motor-driven equipment to demolish the wrong building waived the City's immunity). The section merely requires that, for immunity to be waived, the damages must "arise" from the employee's use of motor-driven equipment and that there be proximate causation between the employee's alleged negligence and the injury sustained. *Id.*

Here, Freeman has alleged facts supporting his claim that his damages arise from a County employee's use of motor-driven equipment, i.e., an incinerator, and that there is proximate causation between the employee's alleged negligence and the loss of his baby's body. Freeman alleges, among other things, that the County's employees failed to follow County policy regarding the proper procedures for handling the baby's body and that this failure resulted in the use of the incinerator to negligently dispose of the baby's body following his autopsy. Accordingly, we hold that the trial court erred in dismissing Freeman's case for lack of subject-matter jurisdiction. *See id.*

We sustain Freeman's first issue.

### Damages

█ In issue two, Freeman argues that the trial court erred in granting the plea to

property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.
TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(1–2) (Vernon 2005) (emphasis added).

the jurisdiction because he is entitled to recover damages for his personal injury, property loss, or both.

Here, Freeman seeks recovery of damages for his mental anguish and emotional distress resulting from the loss of his baby's body. Texas courts generally do not recognize a legal duty to avoid negligently inflicting mental anguish. *City of Tyler v. Likes,* 962 S.W.2d 489, 494 (Tex.1997); *Boyles v. Kerr,* 855 S.W.2d 593, 597 (Tex.1993). However, the Supreme Court of Texas has noted that mental anguish damages may be compensable when they are a foreseeable result of a breach of a duty arising out of certain "special relationships," including "a very limited number of contracts dealing with intensely emotional noncommercial subjects such as preparing a corpse for burial." *Likes,* 962 S.W.2d at 496; *see St. Elizabeth Hosp. v. Garrard,* 730 S.W.2d 649, 654 (Tex.1987) (holding mental anguish damages allowed when stillborn's body was disposed in unmarked, common grave without knowledge or consent of parents); *Pat H. Foley & Co. v. Wyatt,* 442 S.W.2d 904, 906 (Tex.Civ.App.-Houston [14th Dist.] 1969, writ ref'd n.r.e.) (holding mental anguish damages allowed when strong odor emanated from son's casket at funeral). Special relationship cases generally have three common elements: (1) a contractual relationship between the parties, (2) a particular susceptibility to emotional distress on the part of the plaintiff, and (3) the defendant's knowledge of the plaintiff's particular susceptibility to the emotional distress, based on the circumstances. *Lions Eye Bank v. Perry,* 56 S.W.3d 872, 877 (Tex.App.-Houston [14th Dist.] 2001, pet. denied).

While there was no "contract" per se, the autopsy of Freeman's baby was statu-torily-mandated pursuant to article 49.25, section 6(a)(7) of the Texas Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC. ANN. art. 49.25 § 6(a)(7). Freeman would be particularly susceptible to emotional distress faced with the autopsy of his 27–day–old baby, and Harris County should have known of Freeman's particular susceptibility to the emotional distress, based on the circumstances. *See Lions Eye Bank,* 56 S.W.3d at 877.

Accordingly, we hold that the County's relationship with Freeman constituted a "special relationship" under which mental anguish damages were allowable in the absence of physical injury.

We sustain issue two.

### Conclusion

Having held that Freeman has alleged sufficient facts to affirmatively show the trial court's subject-matter jurisdiction and that the County's relationship with Freeman constituted a "special relationship" allowing for mental anguish damages, we need not address Freeman's third issue regarding the County's alleged unauthorized and or unlawful acts.

We reverse the order of the trial court dismissing Freeman's case for lack of subject-matter jurisdiction and remand the cause to the trial court.