IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00110-CV

 

Martina Dominguez and 

Savannah Reyes, As Next of 

Friend of Jeremiah Ramirez, A Minor,

                                                                      Appellants

 v.

 

City of San Antonio,

                                                                      Appellee

 

 



From the 166th District Court

Bexar County, Texas

Trial Court No. 2006-CI-01237

(Severance from Trial Court No.
2005-CI-10694)

 



MEMORANDUM  Opinion










 

      Dominguez sued the City of San Antonio for negligence and gross negligence, and other defendants on those and other
claims.  Dominguez alleged that the San Antonio Police Department “[a]ssist[ed]
in the identification of JERMAINE RAMIREZ, and, in so doing, fail[ed] to
properly identify the body/remains of, JERMAINE RAMIREZ.”  ([sic] II C.R. at
208-209 (bracketed alterations added).)  The trial court granted the City’s pleas
to the jurisdiction and severed the claims against the City.  Dominguez
appeals.  We affirm.    

      In Dominguez’s two issues, she
contends that the trial court erred in granting the City’s pleas to the
jurisdiction.  In Dominguez’s first issue, she contends that her claims were
not barred by governmental immunity.  In Dominguez’s second issue, she contends
that she did not release the City from her claims.

      “When a plea to the
jurisdiction challenges the pleadings, we determine if the pleader has alleged
facts that affirmatively demonstrate the court’s jurisdiction to hear the
case.  We construe the pleadings liberally in favor of the plaintiffs and look
to the pleaders’ intent.”  Tex. Dep’t of Parks & Wildlife v.
Miranda, 133 S.W.3d 217, 226-27 (Tex. 2004) (citing Tex. Ass’n of Bus.
v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993)).  “However, if a
plea to the jurisdiction challenges the existence of jurisdictional facts, we
consider relevant evidence submitted by the parties when necessary to resolve
the jurisdictional issues raised, as the trial court is required to do.”  Miranda
at 227.  

If the pleadings do not contain sufficient facts
to affirmatively demonstrate the trial courts [sic] jurisdiction but do not
affirmatively demonstrate incurable defects in jurisdiction, the issue is one
of pleading sufficiency and the plaintiffs should be afforded the opportunity
to amend.  If the pleadings affirmatively negate the existence of jurisdiction,
then a plea to the jurisdiction may be granted without allowing the plaintiffs
an opportunity to amend.

Miranda, 133 S.W.3d at 226-27 (citing County of
Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002)).  “If a plaintiff has
been provided a reasonable opportunity to amend after a governmental entity
files its plea to the jurisdiction, and the plaintiff’s amended pleading still
does not allege facts that would constitute a waiver of immunity, then the
trial court should dismiss the plaintiff’s action.  Such a dismissal is with
prejudice . . . .”  Harris County v. Sykes, 136
S.W.3d 635, 639 (Tex. 2004).

      “A municipality is
. . . immune from suit . . . for torts committed in the
performance of its governmental functions.”  Tooke v. City of Mexia, 197 S.W.3d 325, 343 (Tex. 2006).  “[G]overnmental functions . . . are
those that are enjoined on a municipality by law and are given it by the state
as part of the state’s sovereignty, including . . . police and fire
protection and control.”  Tex. Civ.
Prac. & Rem. Code Ann. § 101.0215 (Vernon 2005).  The Texas
Tort Claims Act provides, however, that “[a] governmental unit in the state is
liable for . . . personal injury . . . so caused by a
condition or use of tangible personal . . . property if the
governmental unit would, were it a private person, be liable to the claimant according
to Texas law.”  Tex. Civ. Prac. &
Rem. Code Ann. § 101.021 (Vernon 2005); see id.
§§ 101.001-101.109 (Vernon 2005 & Supp. 2006); see Torres v. City
of Waco, 51 S.W.3d 814, 820 (Tex. App.—Waco 2001, no pet.), disapproved
of on other grounds, Binur v. Jacobo, 135 S.W.3d 646, 651 n.11 (Tex. 2004).  “[T]angible personal property refers to something that has a corporeal,
concrete, and palpable existence.”   Univ. of Tex. Med. Branch v. York, 871 S.W.2d 175, 178 (Tex. 1994).  

      The trial court did not hear
evidence on the City’s pleas.

      The City’s plea to the
jurisdiction argued:

[T]the crux of the claims by PLAINTIFFS are that
CITY OF SAN ANTONIO used, misused, or engaged in a nonuse of two Texas Driver’s
License records.  . . . CITY OF SAN ANTONIO retains immunity from
suit and liability for the claims PLAINTIFFS make regarding the Drivers’
License records.

([sic] I C.R. at 79 (ellipsis added)
(bracketed alteration added).)  Dominguez argues that “Appellant’s trial courts
erred in determining that the Texas Driver’s License of JERMAINE RAMIREZ,
Appellant’s deceased loved one, was not property for the purposes of the Texas
Tort Claims Act.”  ([sic] Br. at 22; see id. at 20-24; Reply Br. at 5-6.)  The petition alleged that the City “misuse[d] the charred and
burned Texas Driver’s License of JERMAINE RAMIREZ (which is an item of tangible
personal property).” ([sic] II C.R. at 208 (bracketed alteration added)
(emphasis in orig.).)  The City argues that its actions constituted the use of
the information on the driver’s licenses, not the use of the driver’s-license
certificates as tangible personal property.[1]  

      “[T]he Legislature has not
waived immunity for negligence involving the use, misuse, or non-use of the
information” that property “contain[s].”  Tex. Dep’t of Pub. Safety
v. Petta, 44 S.W.3d 575, 581 (Tex. 2001); accord York, 871 S.W.2d at
179.  “[I]nformation is not tangible personal property, since it is an abstract
concept that lacks corporeal, physical, or palpable qualities.”  Petta at
580; accord York at 179.  “[S]imply reducing information to writing on
paper does not make the information ‘tangible personal property.’”  Petta at
580 (quoting Dallas County v. Harper, 913 S.W.2d 207, 207-208 (Tex. 1995)).

      Dominguez relies primarily
upon Salcedo v. El Paso Hospital District.  See Salcedo v. El Paso Hosp.
Dist., 659 S.W.2d 30 (Tex. 1983), limited by Dallas County Mental Health
& Mental Retardation v. Bossley, 968 S.W.2d 339 (Tex. 1998).  Dominguez
argues that

the Texas Supreme Court has held when the information
is reduced to writing by a machine correctly and that writing/information is
misinterpreted (misused) in such a way that it brings about the very injury the
writing was designed to prevent, liability has been found to exist based on the
misuse of the machine and/or the written results of that machine.

([sic] Br. at 21 (citing Salcedo,
659 S.W.2d 30; Univ. of Tex. Med. Branch v. Estate of Blackmon, 169
S.W.3d 712, 719 (Tex. App.—Waco 2005)[, vacated, 195 S.W.3d 98 (Tex. 2006) (per curiam)]); see Br. at 21-22; Reply Br. at 5-6.)  

      Salcedo, however, “does
not permit claims against the State for misuse of information.”  York, 871 S.W.2d at 179.  “The decision in Salcedo is limited
to its facts.”  Bossley, 968 S.W.2d at 342 (citing York at
178); accord Tex. Dep’t of Crim. Justice v. Miller, 51 S.W.3d 583, 591 (Tex. 2001).  “[T]he waiver of immunity in Salcedo arose from the governmental unit’s
misuse of an electrocardiograph” device, not merely information.  Bossley at
342 (citing York at 178); see York at 178-79.  

      Construing Dominguez’s
pleadings liberally in her favor and looking to her intent, she has not alleged
facts that affirmatively demonstrate that the City used tangible personal
property in the form of Ramirez’s driver’s license.  

      In Dominguez’s response to the
City’s plea, Dominguez also argued that “the remains of JERMAINE RAMIREZ were
plead in Plaintiff’s petition and specifically referred to as personal tangible
property which was misused by this Defendant, for the purposes of the Texas Tort
Claims Act.”  ([sic] I C.R. at 178; Br. at 22; see Reply Br. at 7-10.)  The petition alleged that the City “misuse[d] the charred and
burned body of JERMAINE RAMIREZ, (which is an item of tangible personal
property).”  ([sic] II C.R. at 208, 209 (bracketed alteration added) (emphasis
in orig.).)  In this connection, Dominguez argues, “the law . . .
specifically state[s] that human remains [a]re property.”  (Br. at 23 (citing
Boyles v. Kerr, 855 S.W.2d 593, 600 (Tex. 1993); Terrill v. H[a]rbin,
376 S.W.2d 945, 945-46 (Tex. Civ. App.—Eastland 1964, writ dism’d [w.o.j.]));
see Reply Br. at 7-10.)  Those cases do not state that proposition.  Cf.
Boyles, 855 S.W.2d 593; Terrill, 376 S.W.2d 945.  Dominguez argues,
further, “the heirs/survivors do have ownership in these remains such that they
can bring suit in order to enforce their selection on how those remains are to
be disposed so long as their elected method is consistent with the laws and
customs of their civil society.”  ([sic] Br. at 23 (citing e.g. Lancaster v. Mebane, 247 S.W. 926 (Tex. Civ. App.—Texarkana 1923, writ ref’d)); see
Reply Br. at 7-10.)  Assuming that those cases so hold, they do not stand
for the proposition that the corpse constitutes personal property concerning
which a party may sue the State for money damages.[2]  Cf. e.g. Lancaster, 247 S.W. 926.  

      Construing Dominguez’s
pleadings liberally in her favor and looking to her intent, she has not alleged
facts that affirmatively demonstrate that the City used tangible personal
property in the form of Ramirez’s corpse.  

      Because the trial court would
not have erred in concluding that Dominguez did not allege facts that
affirmatively demonstrate that court’s jurisdiction in the City’s use of
tangible personal property in either manner alleged by Dominguez, we need not
reach her responses to the other grounds in the City’s plea or its supplemental
plea.

      Dominguez does not contend
that she did not have an opportunity to amend her petition in response to the
City’s plea, and we do not reach the ground alleged in the supplemental
plea.    

      We overrule Dominguez’s first
issue.  We need not reach Dominguez’s second issue.

      Having
overruled Dominguez’s first issue, we affirm.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice Reyna

      (Justice Vance dissents from the judgment
without a separate opinion)

Affirmed

Opinion delivered and filed February 28, 2007

[CV06]









                [1]  We note, moreover, that it is a “settled principle that a license
or permit to drive an automobile on the public highways and streets is
. . . not property or a property right.”  Gillaspie v. Dep’t of
Pub. Safety, 152 Tex. 459, 466, 259 S.W.2d 177, 182 (1953); see Tex. Transp. Code Ann.
§ 521.001(a)(3), (6) (Vernon Supp. 2006).





                [2]  In the only such case, for instance, that Dominguez cites decided
under the Tort Claims Act, the appellant alleged the misuse of a corpse, but
the appellate court held for the appellant instead only on the theory of the
operation or use of motor-driven equipment.  See Freeman v. Harris County, 183 S.W.3d 885, 888 n.3, 889 (Tex. App.—Houston [1st Dist.] 2006, pet.
filed); Tex. Civ. Prac. & Rem. Code
Ann. § 101.021(1)(A).