IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00109-CV

 

Martina Dominguez and 

Savannah Reyes, As Next Friend 

of Jeremiah Ramirez, A Minor,

                                                                      Appellants

 v.

 

Bexar County Medical Examiner's Office,

                                                                      Appellee

 

 



From the 166th District Court

Bexar County, Texas

Trial Court No. 2006-CI-01136 

(Severance from Trial Court No.
2005-CI-10694)

 



MEMORANDUM  Opinion










 

      Dominguez sued the Bexar
County Medical Examiner’s Office (“the County”) for negligence, negligence per
se, and gross negligence, and other defendants on those and other claims. 
Dominguez alleged that the County “[f]ail[ed] to properly identify the
body/remains of JERMAINE RAMIREZ.”  ([sic] II C.R. at 201, 202 (bracketed
alterations added); see id. at 202-204.)  The trial court granted the
County’s plea to the jurisdiction and severed the claims against the County. 
Dominguez appeals.  We affirm.

      In Dominguez’s two issues, she
contends that the trial court erred in granting the County’s plea to the
jurisdiction.  In Dominguez’s first issue, she contends that her claims were
not barred by governmental immunity.  In Dominguez’s second issue, she contends
that she did not release the County from her claims.

      “When a plea to the
jurisdiction challenges the pleadings, we determine if the pleader has alleged facts
that affirmatively demonstrate the court’s jurisdiction to hear the case.  We
construe the pleadings liberally in favor of the plaintiffs and look to the
pleaders’ intent.”  Tex. Dep’t of Parks & Wildlife v. Miranda, 133
S.W.3d 217, 226-27 (Tex. 2004) (citing Tex. Ass’n of Bus. v. Tex. Air
Control Bd., 852 S.W.2d 440, 446 (Tex. 1993)).  “However, if a plea to the
jurisdiction challenges the existence of jurisdictional facts, we consider
relevant evidence submitted by the parties when necessary to resolve the
jurisdictional issues raised, as the trial court is required to do.”  Miranda
at 227.  

If the pleadings do not contain sufficient facts
to affirmatively demonstrate the trial courts [sic] jurisdiction but do not
affirmatively demonstrate incurable defects in jurisdiction, the issue is one
of pleading sufficiency and the plaintiffs should be afforded the opportunity
to amend.  If the pleadings affirmatively negate the existence of jurisdiction,
then a plea to the jurisdiction may be granted without allowing the plaintiffs
an opportunity to amend.

Miranda, 133 S.W.3d at 226-27 (citing County of
Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002)).  “If a plaintiff has
been provided a reasonable opportunity to amend after a governmental entity
files its plea to the jurisdiction, and the plaintiff’s amended pleading still
does not allege facts that would constitute a waiver of immunity, then the
trial court should dismiss the plaintiff’s action.  Such a dismissal is with
prejudice . . . .”  Harris County v. Sykes, 136
S.W.3d 635, 639 (Tex. 2004).

      “Governmental immunity
. . . protects political subdivisions of the State, including
counties” from suit.  Wichita Falls State Hosp. v. Taylor, 106 S.W.3d
692, 694 n.3 (Tex. 2003); see Catalina Dev., Inc. v. County of El Paso, 121
S.W.3d 704, 705 (Tex. 2003).   The Texas Tort Claims Act provides, however,
that “[a] governmental unit in the state is liable for . . . personal
injury . . . so caused by a condition or use of tangible personal
. . . property if the governmental unit would, were it a private
person, be liable to the claimant according to Texas law.”  Tex. Civ. Prac. & Rem. Code Ann.
§ 101.021 (Vernon 2005); see id. §§ 101.001-101.109 (Vernon
2005 & Supp. 2006); see Torres v. City of Waco, 51 S.W.3d 814, 820
(Tex. App.—Waco 2001, no pet.), disapproved of on other grounds, Binur v.
Jacobo, 135 S.W.3d 646, 651 n.11 (Tex. 2004).  “‘[U]se’ . . .
mean[s] ‘to put or bring into action or service; to employ for or apply to a
given purpose.’”  San Antonio State Hosp. v. Cowan, 128 S.W.3d 244, 246
(Tex. 2004) (quoting Beggs v. Tex. Dep’t of Mental Health & Mental
Retardation, 496 S.W.2d 252, 254 (Tex. Civ. App.—San Antonio 1973, writ
ref’d)); accord Mount Pleasant Indep. Sch. Dist. v. Estate of Lindburg, 766
S.W.2d 208, 211 (Tex. 1989); see Tex. A & M Univ. v. Bishop, 156 S.W.3d 580, 583 (Tex. 2005).  “[T]angible personal property refers to
something that has a corporeal, concrete, and palpable existence.”   Univ. of Tex. Med. Branch v. York, 871 S.W.2d 175, 178 (Tex. 1994).

      The trial court did not hear
evidence on the County’s plea.

      In the County’s plea, the
County argued:

. . . Plaintiffs have neither alleged
nor identified any set of facts or circumstances that would waive Defendant,
BEXAR COUNTY MEDICAL EXAMINER’S OFFICE, governmental liability under the Texas
Tort Claims Act.  . . . .  Specifically, no act or omission by
Defendant constituted a “use” of tangible personal property as required by the
Act.

([sic] I C.R. at 15-16 (ellipses
added).)  Dominguez argues that the County used the decedents’ driver’s
licenses and corpses as tangible personal property.  (Br. at 20-24.)

      Driver’s Licenses. 
Dominguez argues that “Appellant’s trial courts erred in determining that the
Texas Driver’s License of JERMAINE RAMIREZ, Appellant’s deceased loved one, was
not property for the purposes of the Texas Tort Claims Act.”  ([sic] Br. at 22; see Reply Br. at 7-10.)  The petition alleged that the County “misuse[d]
the charred and burned Texas Driver’s License of JERMAINE RAMIREZ (which is an
item of tangible personal property).”  ([sic] II C.R. at 208 (bracketed
alteration added) (emphasis in orig.).)  The County argues that its actions
constituted the use of the information on the driver’s licenses, not the use of
the driver’s-license certificates as tangible personal property.[1]  

      “[T]he Legislature has not
waived immunity for negligence involving the use, misuse, or non-use of the
information” that property “contain[s].”  Tex. Dep’t of Pub. Safety
v. Petta, 44 S.W.3d 575, 581 (Tex. 2001); accord York, 871 S.W.2d at
179.  “[I]nformation is not tangible personal property, since it is an abstract
concept that lacks corporeal, physical, or palpable qualities.”  Petta at
580; accord York at 179.  “[S]imply reducing information to writing on
paper does not make the information ‘tangible personal property.’”  Petta at
580 (quoting Dallas County v. Harper, 913 S.W.2d 207, 207-208 (Tex. 1995)).

      Dominguez relies primarily
upon Salcedo v. El Paso Hospital District.  See Salcedo v. El Paso Hosp.
Dist., 659 S.W.2d 30 (Tex. 1983), limited by Dallas County Mental Health
& Mental Retardation v. Bossley, 968 S.W.2d 339 (Tex. 1998).  Dominguez
argues that

the Texas Supreme Court has held when the
information is reduced to writing by a machine correctly and that
writing/information is misinterpreted (misused) in such a way that it brings
about the very injury the writing was designed to prevent, liability has been
found to exist based on the misuse of the machine and/or the written results of
that machine.

([sic] Br. at 21 (citing Salcedo,
659 S.W.2d 30; Univ. of Tex. Med. Branch v. Estate of Blackmon, 169
S.W.3d 712, 719 (Tex. App.—Waco 2005)[, vacated, 195 S.W.3d 98 (Tex. 2006) (per curiam)]); see Br. at 21-22; Reply Br. at 5-6.)  

      Salcedo, however, “does
not permit claims against the State for misuse of information.”  York, 871 S.W.2d at 179.  “The decision in Salcedo is limited
to its facts.”  Bossley, 968 S.W.2d at 342 (citing York at
178); accord Tex. Dep’t of Crim. Justice v. Miller, 51 S.W.3d 583, 591 (Tex. 2001).  “[T]he waiver of immunity in Salcedo arose from the governmental unit’s
misuse of an electrocardiograph” device, not merely information.  Bossley at
342 (citing York at 178); see York at 178-79.  

      Construing Dominguez’s
pleadings liberally in her favor and looking to her intent, she has not alleged
facts that affirmatively demonstrate that the County used tangible personal
property in the form of Ramirez’s driver’s license.  

      Corpses.  Dominguez
argues, “The remains of JERMAIN RAMIREZ were plead in Appellant’s petition and
specifically referred to as property which was misused by this Appellee for the
purposes of the Texas Tort Claims Act.”  ([sic] Br. at 22; see Reply Br. at 7-10; see also id. at 10-13.)  The petition similarly alleged that the County
“misuse[d] the charred and burned body of JERMAINE RAMIREZ,
(which is an item of tangible personal property).”  ([sic] II C.R. at 208
(bracketed alteration added) (emphasis in orig.).)  In this connection,
Dominguez argues, “the law . . . specifically state[s] that human
remains [a]re property.”  (Br. at 23 (citing Boyles v. Kerr, 855 S.W.2d
593, 600 (Tex. 1993); Terrill v. H[a]rbin, 376 S.W.2d 945,
945-46 (Tex. Civ. App.—Eastland 1964, writ dism’d [w.o.j.])); see Reply
Br. at 11-12.)  Those cases do not state that proposition.  Cf. Boyles, 855
S.W.2d 593; Terrill, 376 S.W.2d 945.  Dominguez argues, further, “the
heirs/survivors do have ownership in these remains such that they can bring
suit in order to enforce their selection on how those remains are to be
disposed so long as their elected method is consistent with the laws and
customs of their civil society.”  ([sic] Br. at 23 (citing e.g. Lancaster v. Mebane, 247 S.W. 926 (Tex. Civ. App.—Texarkana 1923, writ ref’d)); see
Reply Br. at 12-13.)  Assuming that those cases so hold, they do not stand
for the proposition that the corpse constitutes personal property concerning
which a party may sue the State for money damages.[2]  Cf. e.g. Lancaster, 247 S.W. 926.

      Construing Dominguez’s
pleadings liberally in her favor and looking to her intent, she has not alleged
facts that affirmatively demonstrate that the County used tangible personal
property in the form of Ramirez’s corpse.  

      Because the trial court would
not have erred in concluding that Dominguez did not allege facts that
affirmatively demonstrate that court’s jurisdiction in the County’s use of
tangible personal property in either manner alleged by Dominguez, we need not
reach her arguments concerning the other grounds in the County’s plea.

      Dominguez does not contend
that she did not have an opportunity to amend her petition in response to the
County’s plea.    

      We overrule Dominguez’s first
issue.  We need not reach Dominguez’s second issue.

      Having
overruled Dominguez’s first issue, we affirm.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice Reyna

      (Justice Vance dissents from the judgment
without a separate opinion)

Affirmed

Opinion delivered and filed February 28, 2007

[CV06]

 

 









                [1]  We note, moreover, that it is a “settled principle that a license
or permit to drive an automobile on the public highways and streets is
. . . not property or a property right.”  Gillaspie v. Dep’t of
Pub. Safety, 152 Tex. 459, 466, 259 S.W.2d 177, 182 (1953); see Tex. Transp. Code Ann.
§ 521.001(a)(3), (6) (Vernon Supp. 2006).





                [2]  In the only such case, for instance, that Dominguez cites decided
under the Tort Claims Act, the appellant alleged the misuse of a corpse, but
the appellate court held for the appellant instead only on the theory of the
operation or use of motor-driven equipment.  See Freeman v. Harris County, 183 S.W.3d 885, 888 n.3, 889 (Tex. App.—Houston [1st Dist.] 2006, pet.
filed); Tex. Civ. Prac. & Rem. Code
Ann. § 101.021(1)(A).








hief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed July 11, 2001
Publish